Douglas J. Rosner, ESQ., SBN 094466
rosnerlaw@earthlink.net
LAW OFFICES OF DOUGLAS JOSEPH ROSNER
2625 Townsgate Road, Suite 330
Westlake Village, California 91361
Telephone No. (818) 501-8400
Facsimile No.: (818) 880-4485

Attorney for Defendant/Cross-Defendants,
Labrador Entertainment, Inc. dba Spider Cues
Music Library, Labrador Entertainment, LLC,
Noel Palmer Webb, an individual and Webb Family Trusts

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>                  Plaintiff,<br><br>   vs.<br><br>JOHN DOE subscriber assigned IP<br>address 75.84.181.123,<br><br>              Defendants. | Case No. 2:19-cv-10674-TJH (SPx)<br>*Assigned to the Hon. Terry J. Hatter Jr.*<br><br>Defendant's Motion to Quash<br>Plaintiff's Third Party Subpoena<br><br>*[Proposed Order, and declaration of Douglas J. Rosner filed concurrently]*<br><br>Hearing Date: April 28, 2020<br>Time: 10:00 a.m.<br>Place: 3470 12th St., Riverside, CA 92501, Courtroom 3<br>Magistrate Judge: Hon. Sheri Pym<br><br>UNDER SUBMISSION |

DEFENDANTS' MOTION TO QUASH PLAINTIFF'S THIRD PARTY SUBPOENA

PRIOR TO A RULE 26(F) CONFERENCE

i

**TABLE OF CONTENTS**                                    **PAGE NUMBER**

NOTICE OF MOTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1-3

MEMORANDUM OF POINTS AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . .  2

I. FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

II. Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

A. Fed. R.Civ. P 45 Motion to Quash Subpoena. . . . . . . . . . . . . . . . . . . . . . .  6

B. Fed. R.Civ. P Motion to Dismiss.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

C.  Cobbler sets the standard for bringing torrent infringement lawsuits in the 9th

Circuit and Plaintiff knowingly violates that standard with its pleading. . . . . . . . . . .  13

III. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18 - 19

**TABLE OF AUTHORITIES**

**Statutes**                                                Page Number

28. U.S.C. § 1338(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

Fed. R.Civ. P. 45. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

47 U.S.C. § 551(c)(1)... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

Fed. R.Civ. P. 12(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 13

Fed. R. Civ. P. 26(c)(1)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

Fed. R. Civ. P. 41. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

///

///

///

///

DEFENDANTS' MOTION TO QUASH PLAINTIFF'S THIRD PARTY SUBPOENA

PRIOR TO A RULE 26(F) CONFERENCE

ii

**Cases**

Cobbler Nevada, LLC v. Gonzales

901 F.3d 1142 (2018). . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 9, 11, 13, 14, 16, 17, 18

Strike 3 Holdings, LLC vs. JOHN DOE  73.225.38.130 . . . . . . . . . . . . . . . . . . . . . 2, 3

In Strike 3 Holdings, LLC v. Doe, Case No.: 18cv47-WQH (RBB), 2018 WL 1427002

(S.D. Cal. March 22, 2018. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6 - 7

Strike 3 Holdings, LLC v. Doe, Case No. 3:17-cv-02316-GPC-KSC, 2018 WL

324264, at *3 (S.D. Cal. Jan. 5, 2018.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Strike 3 Holdings, LLC v. Doe, Civil Action No. 17-cv-2347 (TJK), 2018 WL 385418,

at *2 (D.D.C. Jan. 11, 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Drummond Co., Inc. v. Collingsworth, 2013 WL 6074157, at *15 (N.D. Cal. Nov. 18,

2013. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Chevron Corp. v. Donziger, No. 3:12-mc-80237-CRB, 2013 WL 4536808, at *4 (N.D.

Cal. Aug. 22, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Optimize Tech. Solutions, LLC v. Staples, Inc., No. 5:14-mc-80095-LHK, 2014 WL

1477651, at *2 (N.D. Cal. Apr. 14, 2014. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Arista Records, LLC vs. Doe 3, 604 F.3d 110, 118 (2nd Cir. 2010). . . . . . . . . . . . . 9

Columbia Ins. Co. v. seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999.). . . . 9

Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). . . . . . . . . . . . . . . . 9

Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). . . . . . . . . . . . . . . . . . . . . 9

Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir.1981). . . . . . . . . . 10

Buss v. Western Airlines, Inc., 738 F.2d 1053 (9th Cir. 1984), cert. denied, U.S. ,

105 S.Ct. 968, 83 L.Ed.2d 972 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

///

DEFENDANTS' MOTION TO QUASH PLAINTIFF'S THIRD PARTY SUBPOENA

PRIOR TO A RULE 26(F) CONFERENCE

iii

**Cases** (Continued)                                                    Page Number

Transamerica Corporation v. Transamerica Bancgrowth Corp., 627 F.2d 963
 (9th Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

United States v. Nat'l Med. Enters., Inc., 792 F.2d 906, 912 (9th Cir.1986). . . . . . .   11

Thompson v. Housing Authority of City of Los Angeles, 782 F.2d 829 (1986). . . . .   11

U.S. v. Shaffer Equipment Co., 11 F.3d 450 (4th Cir. 1993) . . . . . . . . . . . . . . . . . .   11

Anderson v. Air West, Inc., 542 F.2d 522 (9th Cir. 1976). . . . . . . . . . . . . . . . . . . . .   11

Morris v. Morgan Stanley & Co., 942 F.2d 648 (9th Cir. 1991).. . . . . . . . . . . . . . . .   11

Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1281
(9th Cir. 1980).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

Hernandez v. City of El Monte, 138 F.3d 393, 401 (9th Cir. 1998) .. . . . . . . . . . .   12, 13

Oliva v. Sullivan, 958 F.2d 272 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . .   12

Chambers v. NASCO, Inc., 501 U.S. 32 (1991). . . . . . . . . . . . . . . . . . . . . . . . . .   13

Strike 3 Holdings, LLC v. Doe, 2019 WL 5446239 (D.N.J. Oct. 24, 2019, No. 18-2674
(JHR/JS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14-15

Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) . . . . . . . . . . . . . . . .   15

Breaking Glass Pictures, LLC v. John and Jane Does 118-162, et al., No.
CV-13-00600-PHX-ROS; 2013 U.S. Dist. LEXIS 106565, 2013 WL 3930474, at *2
(D. Ariz. July 29, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15, 17

Criminal Productions, Inc. v. Doe, Case No. 16-cv-2352 WQH (JLB), 2016 U.S. Dist.
LEXIS 154381, 2016 WL 6581850, at *1 (S.D. Cal. Nov. 7, 2016) . . . . . . . . . .   15 - 16

///

///

DEFENDANTS' MOTION TO QUASH PLAINTIFF'S THIRD PARTY SUBPOENA
PRIOR TO A RULE 26(F) CONFERENCE

iv

**Cases** (Continued)                                                    Page Number

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929

(2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Venice PI, LLC v. Huseby, No. C17-1160 TSZ, 2019 U.S. Dist. LEXIS 62856, 2019

WL 1572894, at *1 (W.D. Wash. Apr. 11, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Malibu Media, LLC v. John Doe Subscriber, No. 18C450, 2018 U.S. Dist. LEXIS

207655, 2018 WL 6446404, at *3 (N.D.Ill. Dec. 10, 2018) . . . . . . . . . . . . . . . . . 16-17

Strike 3 Holdings, LLC v. Doe, 351 F. Supp. 3d 160 (D.D.C. 2018) . . . . . . . . . . . 17

PTG Nevada, LLC v. Chan, No. 16C1621, 2017 U.S. Dist. LEXIS 6276, 2017 WL

168188, at *2 (N.D.Ill. Jan. 17, 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

In re BitTorrent Adult Film Copyright Infringement Cases, 296 F.R.D. 80

 (E.D.N.Y. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Strike 3 Holdings, LLC v. John Doe, 2019 WL 2996428 (N.D.Cal. July 9, 2019). . . 17

Wright v. Spaulding, 939 F.3d 695,(6th Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . 18

**Treatises and References**

9A Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2459

3d ed. 2008. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

///

///

///

///

DEFENDANTS' MOTION TO QUASH PLAINTIFF'S THIRD PARTY SUBPOENA

PRIOR TO A RULE 26(F) CONFERENCE

v

1    Douglas J. Rosner, ESQ., SBN 094466
     rosnerlaw@earthlink.net
2    LAW OFFICES OF DOUGLAS JOSEPH ROSNER
     2625 Townsgate Road, Suite 330
3    Westlake Village, California 91361
     Telephone No. (818) 501-8400
4    Facsimile No.: (818) 880-4485
     Attorney for Defendant identified as IP Subscriber
5    address 75.84.181.123

6

7                    UNITED STATES DISTRICT COURT

8         CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

9

10   STRIKE 3 HOLDINGS, LLC,           )   Case No. 2:19-cv-10674-TJH (SPx)
                                       )   *Assigned to the Hon. Terry J. Hatter
11                      Plaintiff,     )   Jr.*
                                       )
         vs.                           )
12                                     )   Defendant's Notice of Motion to
     JOHN DOE subscriber assigned IP   )   Quash Plaintiff's Third Party
13   address 75.84.181.123,            )   Subpoena Prior to a Rule 26(f)
                                       )   Conference
14                      Defendants.    )
     _____ )   *[Proposed Order, and declaration of
15                                         counsel filed concurrently]*

16                                         Hearing Date: April 28, 2020
                                           Time: 10:00 a.m.
17                                         Place: 3470 12th St., Riverside, CA
                                           92501, Courtroom 3
18                                         Magistrate Judge: Hon. Sheri Pym

19

20

21       PLEASE TAKE NOTICE that on April 28, 2020 at 10:00 a.m. or as soon

22   thereafter as the case may be heard at George E. Brown, Jr. Federal Building and,

23   United States Courthouse, 3470 12th St., Riverside, CA 92501, Courtroom 3, 3rd,

24   Floor the Honorable Sheri Pym presiding Defendant identified as IP Subscriber address

25   75.84.181.123 will and hereby does move the Court, pursuant to pursuant to Rules 45

26

27   DEFENDANT'S NOTICE OF MOTION TO  QUASH PLAINTIFF'S THIRD PARTY

28   SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE                    Page 1 of 3

and 41 of the Federal Rules of Civil Procedure for an order granting the Motion To Quash subpoena to Defendant's internet service provider (ISP).

The motion is based on the grounds that Plaintiff is:

(1) abusing legal process across the United States -particularly in Florida State courts;

(2) unreasonably delaying the prosecution of their alleged case of copyright infringement by filing first in Florida State Court and then dismissing their case when when their "bill of discovery" is sought to be quashed by the Defendant;

(3) causing unreasonable costs and burden on Defendant by having to challenge the same type of action that seeks their name and address both in a Florida State Court and then in this Court while knowing all along they should have filed first in this Court.

When they do, Plaintiff and their Florida counsel dismiss their case. This is improper game playing with the Court system and constitutes a willful abuse of legal process;

(4) unreasonably delaying in a manner that causes prejudice to Defendant in that this scheme causes potential evidence to be lost due to the intentional improper forum-shopping by Plaintiff that has delayed the bringing of this case;

(5) Plaintiff's complaint, as it stands, cannot withstand a motion to dismiss because Plaintiff has no evidence whatsoever that the Defendant, a internet subscriber, is also a copyright infringer. This case would thus be dismissed pursuant to *Cobbler Nevada, LLC v. Gonzales* 901 F.3d 1142 (2018) and a rule 12(b) motion to dismiss, even if Plaintiff were allowed to obtain a name and address of the Defendant. Thus, per case law, they are not entitled to early discovery, especially under these circumstances.

///

///

DEFENDANT'S NOTICE OF MOTION TO  QUASH PLAINTIFF'S THIRD PARTY SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE                                      Page 2 of 3

## **LOCAL RULE 7-3 COMPLIANCE**

This motion is made following Defendants' attempt to comply with the meet and confer obligations with opposing counsel pursuant to L.R. 7-3. On March 24, 2020, after Mr. Rosner was retained and became familiar with this matter, sent via email and telecopier to Mr. Bandlow, letter, setting forth the issues and attempting to solicit a response to conduct a meaningful discussion. Mr. Bandlow responded the next day and it clear that we are unable to reach a resolution.

DATED: March 27, 2020

LAW OFFICES OF DOUGLAS JOSEPH ROSNER

/s/ Douglas J. Rosner

By:   DOUGLAS J. ROSNER
SBN 094466
2625 Townsgate Road, Suite 330
Westlake Village, California 91302
Telephone No. (818) 501-8400
email: rosnerlaw@earthlink.net
Attorney for internet subscriber
assigned IP address 75.84.181.123

1  Douglas J. Rosner, ESQ., SBN 094466
   rosnerlaw@earthlink.net
2  LAW OFFICES OF DOUGLAS JOSEPH ROSNER
   2625 Townsgate Road, Suite 330
3  Westlake Village, California 91361
   Telephone No. (818) 501-8400
4  Facsimile No.: (818) 880-4485

5  Attorney for Defendant identified as IP Subscriber
   address 75.84.181.123

6

7

8                    UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10  STRIKE 3 HOLDINGS, LLC,              )    Case No. 2:19-cv-10674-TJH (SPx)
                                         )    *Assigned to the Hon. Terry J. Hatter*
11                     Plaintiff,        )    *Jr.*
                                         )
12         vs.                           )
                                         )
13  JOHN DOE subscriber assigned IP      )    Defendant's Motion to Quash
    address 75.84.181.123,               )    Plaintiff's Third Party Subpoena
14                                       )
                     Defendants.         )    *[Proposed Order, and declaration of*
15  _____    )    *Douglas J. Rosner filed*
                                         )    *concurrently]*
16                                            Hearing Date: April 28, 2020
17                                            Time: 10:00 a.m.
                                              Place: 3470 12th St., Riverside, CA
18                                            92501, Courtroom 3
                                              Magistrate Judge: Hon. Sheri Pym
19
                                              UNDER SUBMISSION
20

21

22

23

24

25

26  _____

27  DEFENDANT'S MOTION TO QUASH PLAINTIFF'S THIRD PARTY SUBPOENA

28                                            Page 1 of 19

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTS

Starting around 2017 and through mid 2019, Plaintiff Strike 3 Holdings, LLC ("Strike 3")  filed in numerous United State district courts about 3000 separate copyright infringement actions. On or about September 23, 2019 something changed, Strike 3 changed its tactics and started to file its actions against Unknown Infringers Identified on Exhibit A in Florida Miami-Dade 11th Judicial Cir. ("Florida Action(s)").

In these Florida Actions, Plaintiff seeks to identify the name and address of certain Internet subscribers by alleging that the tortious acts took place within Florida. Plaintiff claims Defendants each used BitTorrent websites to access, download, and distribute Plaintiff's motion pictures accessible in Miami-Dade County.  (Exhibit A ¶6.) Never mind that Plaintiff using geolocation technology identified this Central District as the proper jurisdiction. (Exhibit B ¶10.)

The question is why?

First Plaintiff is reeling from at least two recent legal developments. The decision in *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142 (2018) and the order by Judge Zilly in the matter of *Strike 3 Holdings, LLC vs. JOHN DOE*  73.225.38.130 ("Zilly Order").

As to *Cobbler*, to bring a complaint against the subscriber for copyright infringement Plaintiff has been burdened by having to show "something more" than the sole fact that an internet subscriber has an internet account (*Cobbler*, 1145, 1148.) Plaintiff's complaint contains form conclusory and unsupported allegations that an internet subscriber at a particular IP address has committed infringement on a widespread scale.  Yet, Plaintiff makes these allegations having not knowing if the subscriber is also the infringer. *Cobbler* said this type of pleading does not pass muster

DEFENDANT'S MOTION TO QUASH PLAINTIFF'S THIRD PARTY SUBPOENA

and is subject to a motion to dismiss. (Cobbler, 1146.) Plaintiff does not, and cannot allege the "something more" required by *Cobbler*. The complaint, as is, is deficient and subject to a motion to dismiss. This herein action being the second time this case has been filed against John Doe subscriber assigned IP address 75.84.181.123 ("Defendant"), Plaintiff seeks to delay, harass and intimidate Defendant into a settlement.

Next, as to Zilly's Order granting summary judgment in favor of John Doe, Judge Zilly found that Strike 3 failed to bear "the burden of proof with respect to infringement" (Exhibit C, 10:21.) Citing *Cobler* the court found that the Plaintiff has failed to provide "no evidence that John Doe copied any of Strike 3 copyrighted motion pictures. At most, Strike 3 has shown that an entity with access to the IP address 73.225.38.130 downloaded certain materials identified by the 'Hash' sequences listed in Exhibit A to the Complaint. Strike 3 cannot link John Doe to the activity associated with the IP address..." . (Exhibit C, 11:6-10.) Plaintiff "has now abandoned any assertion that the items allegedly transferred over the BitTorrent system were themselves copyrighted motion pictures or viewable pieces thereof, as opposed to simply non-copyrightable data that may be used to find certain motion pictures and/or their constituent parts within the BitTorrent network." (Exhibit C, 11:11-14-12:1.)

Commencing September 27, 2019, Plaintiff, in an attempt to circumvent the Federal law and seek a unique way to accumulate as many leads as possible to unmask internet subscribers and to extract court settlement demands, has employed a new litigation tactic. This new tactic involves Plaintiff using a Florida law firm to file in the County Court in Miami-Dade County, Florida. Plaintiff seeks a "bill of discovery" which is designed to unmask the internet subscriber and invade their privacy. This is improper because Federal courts have original and exclusive jurisdiction over civil

DEFENDANT'S MOTION TO QUASH PLAINTIFF'S THIRD PARTY SUBPOENA

Page 3 of 19

1    actions arising under federal copyright law 28. U.S.C. § 1338(a).

2        The Florida state court cases have been filed in mass.  In the first of the Florida

3    Actions, filed September 23, 2019, approximately 45 separate Doe Defendants' IP

4    addresses were requested. (Declaration of Douglas J. Rosner "Rosner Dec." , ¶¶4, 9-

5    10.)

6        By October 2, 2019, Plaintiff filed a Florida Action concerning Defendant which

7    included a request for approximately 89 additional Doe Defendants' IP addresses. In

8    sum, Plaintiff files one complaint in Florida instead of 89 separate complaints in

9    Federal Court. (Rosner Dec., ¶¶5-6.)

10       These Florida Actions allege the same form claims of copyright infringement and

11   seek a "bill of discovery" to obtain the name and address of internet subscribers for the

12   purpose of unmasking their identities for future settlement. Plaintiff does not know if

13   these subscribers are also infringers of their adult movies "Blacked, Tushy, and Vixen".

14   It is a matter of speculation. *Cobbler* demands more than plausibility it demands

15   something more than just suing an internet subscriber.

16       After each subscriber retains counsel in Florida and challenges these Florida

17   Actions on the grounds of venue and jurisdiction Plaintiff dismisses their case in the

18   state court.

19       As to Defendant, Plaintiff admitted there is no venue or jurisdiction in Florida,

20   their use of geolocation technology traced Defendant "physical address to this

21   District." (Exhibit B, ¶10.) Thus, Plaintiff  knew or should have known their actions in

22   filing a state court copyright-related action is not proper. Yet, they still challenge the

23   Defendant to file a response to object to the Plaintiff's actions in Florida and force

24   Defendant to incur more fees and costs.

25   ///

26   

27   DEFENDANT'S MOTION TO QUASH PLAINTIFF'S THIRD PARTY SUBPOENA

28                                      Page 4 of 19

1    Then, after failing in the Florida Action, Plaintiff pursues Defendant, a second
2    time in California. The Florida Action offers nothing that Plaintiff cannot get in a
3    federal case.
4        This type of forum shopping is completely improper and abuses the legal process
5    and causes additional costs and delays and potential for lost evidence at the ISP level.
6        Second, by filing the Florida Actions Plaintiff saves substantial money in costs.
7    When seeking the identity of and naming numerous Does with different IP addresses,
8    filing only *one* action in Florida is less expensive than filing than multiple actions in
9    federal court. In their first Florida Action, Plaintiff listed 45 discrete addresses and 90
10   in this herein action. (Rosner Dec., ¶¶ 6, 9-10.)  As of this date Plaintiff has filed at
11   least 45 Florida Actions. (Rosner Dec., ¶12 .)
12       Third, it would be easier to increase the probability of early settlements if Doe
13   defendants are forced to hire a Florida attorney to object to the Bill of Discovery.  Then
14   if the doe defendant failed to settle they would be forced to defend again in Federal
15   District Court. For this reason, the doe defendant, probably not liable for copy
16   infringement claim, chooses to pay the money to Plaintiff rather than defending first in
17   Florida and then in their local Federal District Court.
18       This conduct is highly irregular, and the Courts have the inherent power to quash
19   the subpoena under these circumstances, and further under its rules of equity to dismiss
20   this case with prejudice.
21       This case being the second time this case has been filed against Defendant,
22   Plaintiff seeks to delay, harass and intimidate Defendant into a settlement.
23   ///
24   ///
25   ///
26   
27   DEFENDANT'S MOTION TO QUASH PLAINTIFF'S THIRD PARTY SUBPOENA
28                                  Page 5 of 19

## II.   ARGUMENT

**A. Fed. R.Civ. P. 45 Motion to Quash Subpoena**

On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

"(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."  (Under Fed. R.Civ. P. 45 (3) (A) (iii) (iv).)

Here, Plaintiff seeks to violate Defendant's right of privacy under the Federal Cable Privacy Act by unmasking their identity and seeking their name and address for the sole purpose of obtaining their name and address and then harassing them in pursuit of a settlement.  All this, in spite of having no actual evidence that Defendant is an infringer of their adult films and videos.

The Court should not fuel and support this speculation and is not required to do so.  Moreover, under these special circumstances, taking two bites of the apple - forum shopping - forcing Defendant to file a second motion to quash creates an undue burden and risks ISP evidence being lost. Even Strike 3 in its own pleading states that ISP information is limited in duration which makes it important to move fast for early discovery (Exhibit E, 2:¶1.)

Yet, Plaintiff by filing a Florida Action, having no intention of pursuing, and has not pursued when challenged, does nothing more than abuse the process, and cause further delay in the case.

*Strike 3 Holdings, LLC v. Doe*, Case No.: 18cv47-WQH (RBB), 2018 WL 1427002 * 1 (S.D. Cal. March 22, 2018.) noted:

///

///

DEFENDANT'S MOTION TO QUASH PLAINTIFF'S THIRD PARTY SUBPOENA

"The Cable Privacy Act generally prohibits a cable operator from disclosing "personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned ...." 47 U.S.C.A. § 551(c)(1) (West 2014.)"  While the Communications Act does not establish that a subscriber has an absolute right to privacy in the discovery context, the Act and its notice provisions are worth considering. (See, e.g., *Strike 3 Holdings, LLC v. Doe*, Case No. 3:17-cv-02316-GPC-KSC, 2018 WL 324264, at *3 (S.D. Cal. Jan. 5, 2018.)) (explaining that the Act "generally prohibits cable operators from disclosing personally identifiable information regarding subscribers without the prior written or  electronic consent of the subscriber," Strike 3 Holdings' John Doe copyright lawsuits raise unique privacy concerns. The John Doe subscriber may not be the individual who infringed upon Strike 3' copyright. The "true infringer could just as easily be a third party who had access to the internet connection, such as a son or daughter, houseguest, neighbor, or customer of a business offering an internet connection." (*Strike 3 Holdings, LLC v. Doe*, Civil Action No. 17-cv-2347 (TJK), 2018 WL 385418, at *2 (D.D.C. Jan. 11, 2018).)   Also, there is a "real risk that defendants might be falsely identified and forced to defend themselves against unwarranted allegations" and that "the innocent defendant may be coerced into an unjust settlement with the plaintiff to prevent the dissemination of publicity surrounding unfounded allegations." (*Id.*) Anonymity may be necessary to preserve privacy in a matter of a sensitive and highly personal nature—especially when the actual infringer cannot be determined based on the subscriber information alone.

The Courts do not have to force one to comply with a subpoena where the complaint is subject to a motion to dismiss and would be subject to dismissal under Fed. R.Civ. P. 12(b), especially where important privacy interests are at stake. If the Florida Action was proper, they should fight it in Florida instead of raising costs, delaying this

DEFENDANT'S MOTION TO QUASH PLAINTIFF'S THIRD PARTY SUBPOENA

action, and taking another bite at the apple in this Court alleging the same thing. Another federal court case supports this position, in *(Drummond Co., Inc. v. Collingsworth*, 2013 WL 6074157, at *15 (N.D. Cal. Nov. 18, 2013) the Court noted:

Generally, "a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." *(Drummond Co., Inc. v. Collingsworth*, 2013 WL 6074157, at *15 (N.D. Cal. Nov. 18, 2013) (quoting 9A Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2459 (3d ed. 2008)). If good cause is shown, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery." (Fed. R. Civ. P. 26(c)(1)(A).)  The moving party bears the burden of persuasion on a motion to quash, but the party issuing the subpoena must demonstrate that the discovery is relevant. (See, e.g., *Chevron Corp. v. Donziger*, No. 3:12-mc-80237-CRB, 2013 U.S. Dist. LEXIS 119622, 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013) (citation omitted); see also *Optimize Tech. Solutions, LLC v. Staples, Inc.*, No. 5:14-mc-80095-LHK, 2014 U.S. Dist.LEXIS 52214, 2014 WL 1477651, at *2 (N.D. Cal. Apr. 14, 2014).)

Again, by filing two actions pursuing one goal – unmasking an internet subscriber- and not knowing if an infringer or not, invades privacy, wastes judicial resources, and being improper, is subject to denial of  early discovery and granting this motion to quash as a result. Defendant has made the case that this is improper, Plaintiff is forced to explain why: 1) two bites at the apple are necessary even when it causes prejudicial harm to internet subscribers who may not be infringers at all; and 2) suing persons in Florida state court when Plaintiff knows in advance the Defendant lives in California and is not subject to Florida jurisdiction. This litigation gamesmanship and

DEFENDANT'S MOTION TO QUASH PLAINTIFF'S THIRD PARTY SUBPOENA

1   abuse has to stop.

2       Courts recognize also that a Defendant has standing to challenge a subpoena

3   directed toward their ISP. (See *Arista Records, LLC vs. Doe 3*, 604 F.3d 110, 118 (2nd

4   Cir. 2010).) Moreover, in evaluating whether a plaintiff establishes good cause to learn

5   the identity of a Doe defendant through early discovery, courts examine whether the

6   plaintiff:

7       (1) identifies the Doe defendant with sufficient specificity that the court can

8   determine that the defendant is a real person who can be sued in federal court, (2)

9   recounts the steps taken to locate and identify the defendant, (3) demonstrates that the

10  action can withstand a motion to dismiss, and (4) shows that the discovery is reasonably

11  likely to lead to identifying information that will permit service of process. (*Columbia*

12  *Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).) (citations

13  omitted). "'[W]here the identity of the alleged defendant[ ][is] not [ ] known prior to the

14  filing of a complaint[,] the plaintiff should be given an opportunity through discovery to

15  identify the unknown defendants, unless it is clear that discovery would not uncover the

16  identities, or that the complaint would be dismissed on other grounds.'" (*Wakefield v.*

17  *Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 F.2d

18  637, 642 (9th Cir. 1980).)

19      Again, Plaintiff is resorting to filing their state court "bill of discovery" in Florida,

20  precisely because they know they cannot meet the high-bar standards set by *Cobbler*

21  and cannot allege the something more to get past a Motion to Dismiss in the 9th Circuit.

22  If they cannot establish their claim, in this second action, beyond more than pure

23  speculation or plausibility as they say, if they cannot get past *Cobbler* they have no right

24  to proceed with early discovery.  Plaintiff must show, if it can, how it can overcome this

25  standard and courts have recognized that *Cobbler* should not be limited to motion to

26  _____

27  DEFENDANT'S MOTION TO QUASH PLAINTIFF'S THIRD PARTY SUBPOENA

28                                          Page 9 of 19

dismiss cases.

**B. Fed. R. Civ. P. 41 Motion to Dismiss**

Plaintiff's intentional and frivolous delay in filing the state court action, then dismissing once challenged there  subjects their current complaint to be dismissed under Rule 41(a) as a failure to follow federal rules and for unreasonably delaying this action causing harm, prejudice, annoyance, and harassment to Defendant.

Under Fed. R. Civ. P. 41:

"(b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."

Fed. R. Civ. P. 41(b) authorizes a district court to dismiss a complaint with prejudice for failure to comply with Rule 8(a). (*Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir.1981).)

Courts have repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders. (See *Buss v. Western Airlines, Inc.*, 738 F.2d 1053 (9th Cir. 1984), cert. denied, U.S. , 105 S.Ct. 968, 83 L.Ed.2d 972 (1985); *Transamerica Corporation v. Transamerica Bancgrowth Corp.*, 627 F.2d 963, 966 (9th Cir. 1980).)

As such, when violating clearly established rules, and forum-shopping, this action should be dismissed. There is no minimum case age to bring a Rule 41(b) motion.

Given Plaintiff's counsel experience in these matters, and their clear understanding of the requirements of the *Cobbler* case, this can only be seen as willful

---

DEFENDANT'S MOTION TO QUASH PLAINTIFF'S THIRD PARTY SUBPOENA

and in bad faith bringing not one but two actions when it knew there was no proper purpose for the first action, and *Cobbler* standards cannot be met in the second action.

"The sanction of dismissal should be imposed only if the deceptive conduct is willful, in bad faith, or relates to the matters in controversy in such a way as to interfere with the rightful decision of the case." (*United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 912 (9th Cir.1986).)

Further legal authority for dismissal with prejudice, can be found in sanctions for a "pattern of dilatory conduct." (See *Thompson v. Housing Authority of City of Los Angeles*, 782 F.2d 829, 831-832 (1986).) The court has the inherent power to dismiss cases to "impose order, respect, and decorum" in judicial proceedings, *U.S. v. Shaffer Equipment Co.*, 11 F.3d 450, 461 (4th Cir. 1993) held that:

"Due to the very nature of the court as an institution, it must and does have an inherent power to impose order, respect, decorum, silence, and compliance with lawful mandates. This power is organic, without need of a statute or rule for its definition, and it is necessary to the exercise of all other powers." (*id*.)

Plaintiff's tactic of improperly filing two cases and forcing Defendant to quash both have caused unreasonable delay and evidence a failure to properly prosecute this alleged action against the internet subscriber. The law presumes prejudice from unreasonable delay. (*Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976); *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (as amended.)) (presuming from elapsed time that defendants' ability to defend a case has been prejudiced). Plaintiff improperly filing two cases forcing Defendant to file motions to quash both.  Combined, this has caused unreasonable delay and delay evidence a failure to properly prosecute this alleged action against the internet subscriber. The law presumes prejudice from unreasonable delay.

---

DEFENDANT'S MOTION TO QUASH PLAINTIFF'S THIRD PARTY SUBPOENA

Under the law, Plaintiff must show some non-frivolous reason for their delay. Indeed filing this second action without defending the quash motion on the first and challenging subscribers to move to quash once again shows Plaintiff is only trying to build a lead bank of internet subscribers to unmask their identity and harass Defendant into a settlement.

A plaintiff may proffer an excuse for delay that, if "anything but frivolous," shifts the burden of production to the defendant to show at least some actual prejudice. If it does, the plaintiff must persuade the court that the claims of prejudice are illusory or relatively insignificant in light of his excuse. *(Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1281 (9th Cir. 1980)). (See also *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998). ) (reiterating that the burden of production shifts to the defendant to show at least some actual prejudice only after the plaintiff has given a non-frivolous excuse for delay.) Plaintiff has no non-frivolous explanation.

This prejudice to Defendant is clear, presumed, and real in both costs, potential loss of evidence.  Defendant was asked to file quash motions not once but twice. Further, the Defendant was further harassed by facing two attempts to unmask their identity. In this circumstance prejudice, delay, and excuse all inform the district court's discretion. Prejudice normally consists of loss of evidence and memory.

The Plaintiff was judge shopping.  The *El Monte* case is also telling:

"Our case law supports the proposition that a district court has the inherent power sua sponte to dismiss an action for judge-shopping. In *Oliva v. Sullivan*, 958 F.2d 272 (9th Cir. 1992), for example, we held that '[d]istrict courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion.' (*Id*., 273) (reviewing the district court's sua sponte dismissal for lack of prosecution) (*El Monte*, 398.)

---

DEFENDANT'S MOTION TO QUASH PLAINTIFF'S THIRD PARTY SUBPOENA

The Supreme Court has also stated that a "primary aspect" of every federal court's inherent power is "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." (*Chambers v. NASCO, Inc*., 501 U.S. 32, 44-45 (1991).) Judge-shopping clearly constitutes "conduct which abuses the judicial process." The district court's inherent power to impose dismissal or other appropriate sanctions therefore must include the authority to dismiss a case for judge-shopping, akin to what Plaintiff is doing, looking for a receptive legal venue to use the Courts as collection arm to their business regardless of the impact on justice and rule of law.

Thus, the Court is empowered to investigate and scrutinize the litigation tactic being employed, and to stop this abuse of process and tactic forcing people to lose respect for the legal system, and to dismiss this case under Rule 41. Plaintiff's mass filings in Florida are "vexatious" in that they have no intent to pursue any case that is challenged with a motion to quash.

**C.  Cobbler sets the standard for bringing torrent infringement lawsuits in the 9th Circuit and Plaintiff knowingly violates that standard with its pleading.**

As noted above, Plaintiff is an habitual filer of John Doe lawsuits against internet subscribers. They do not know if the subscriber is also an infringer. This is speculation and this herein action is not able to meet the *Cobbler* standards, and is thus open to a motion to dismiss under Rule 12(b). As noted above, if Plaintiff cannot show it can withstand a motion to dismiss, it should not be permitted to engage in early discovery as they are seeking to do, much less with this legal tactic employed in the Florida Actions. As the Court held in *Cobbler*:

"The district court properly dismissed Cobbler Nevada's claims. The direct infringement claim fails because Gonzales's status as the registered subscriber of an infringing IP address, standing alone, does not create a reasonable inference that he is

---

also the infringer. Because multiple devices and individuals may be able to connect via an IP address, simply identifying the IP subscriber solves only part of the puzzle. A plaintiff must allege something more to create a reasonable inference that a subscriber is also an infringer. Nor can Cobbler Nevada succeed on a contributory infringement theory because, without allegations of intentional encouragement or inducement of infringement, an individual's failure to take affirmative steps to police his internet connection is insufficient to state a claim.

Here, in this case as in the Florida Action involving Defendant, there is nothing more than form complaints. Plaintiff is fishing around to see if they can unmask the identity of an internet subscriber and force them into a settlement. This is probably why the prestigious IP firm of Fox Rothschild, who formerly filed these lawsuits, and where Plaintiff counsel previously worked, no longer associates with these cases. Certainly, it would not endorse a litigation tactic of this nature and geographical scope, coast to coast forum shopping.

Legal precedent supports rejecting Plaintiff's request for early discovery and quashing the subpoena and dismissing their case with prejudice. *Strike 3 Holdings, LLC v. Doe*, 2019 WL 5446239 * 6 (D.N.J. Oct. 24, 2019, No. 18-2674 (JHR/JS)  held that:

"Good Cause Does Not Exist for Expedited Discovery Because Strike 3 Does Not Plead a Cognizable Claim, i.e., its Complaints are Futile. The most fundamental reason the Court denies Strike 3's request for expedited discovery, and why the Court concludes its discovery requests are not reasonable, is that Strike 3 does not plead a cognizable claim in its complaints. It would be anomalous to authorize discovery based on a John Doe complaint that does not pass muster under FED. R. CIV. P. 12(b)(6), in order to permit Strike 3 to name an individual subscriber who then files a meritorious motion to dismiss. Especially in the John Doe context where a complaint must be

DEFENDANT'S MOTION TO QUASH PLAINTIFF'S THIRD PARTY SUBPOENA

carefully scrutinized and a viable defendant is not present to challenge the complaint, it is unreasonable to authorize Strike 3 to bootstrap discovery onto a futile complaint. This is not consistent with the guidepost that the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1.

The Court understands that in the present context it is not deciding a motion to dismiss. However, if the Court did not examine the futility of a John Doe complaint it would create too great of an opportunity for trickery and gamesmanship. Further, in the context of deciding whether expedited discovery should be granted, futility is a relevant consideration in a totality of the circumstance analysis. The Court's sentiment is supported by other opinions. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (discovery to identify a defendant is not appropriate when "the complaint would be dismissed on other grounds."); *Breaking Glass Pictures, LLC v. John and Jane Does* 118-162, et al., No. CV-13-00600-PHX-ROS; 2013 U.S. Dist. LEXIS 106565, 2013 WL 3930474, at *2 (D. Ariz. July 29, 2013) ("Early discovery is not appropriate when the complaint would be dismissed on other grounds."); Criminal Productions, Inc. v. Doe, Case No. 16-cv-2352 WQH (JLB), 2016 U.S. Dist. LEXIS 154381, 2016 WL 6581850, at *1 (S.D. Cal. Nov. 7, 2016) (citation and quotation omitted (in order to decide if good cause exists to grant expedited discovery, the plaintiff "should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss.")).

Here, Plaintiff's complaint cannot meet the *Cobbler* standards.  Plaintiff is only fishing around to unmask the identity of the internet subscribers and invade their privacy protected by the Federal communications and privacy protection act.  Their sole goal is seek settlements without regard to the fault of the defendants. The complaints they file

DEFENDANT'S MOTION TO QUASH PLAINTIFF'S THIRD PARTY SUBPOENA

are form and conclusory.  Moreover, it takes them two different Courts to try to make their case, raising costs and delaying the action, knowing that Florida lacks venue and jurisdiction over these matters.

In order to survive a motion to dismiss, a complaint must contain sufficient factual matter accepted as true to state a claim to relief that is plausible on its face. (*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). To be sure, Strike 3 Holdings, through Bandlow and Mamome, know they are not filing in Florida with enough facts to make a plausible argument for success, and they have not changed anything significant in filing the second federal court action. Nothing but conclusory unsupported allegations of copyright infringement against an internet subscriber.

Plaintiff may argue that *Cobbler* allowed early discovery and declined to grant a motion to quash, only to lose on Motion to Dismiss.  But many Courts realize there is no legal mandate to wait for a motion to dismiss if the claim is facially lacking at the outset.

For example, the New Jersey Federal Court held:

"Cobbler is not an outlier and its holding has been followed in numerous cases. *Venice PI, LLC v. Huseby*, No. C17-1160 TSZ, 2019 U.S. Dist. LEXIS 62856, 2019 WL 1572894, at *1 (W.D. Wash. Apr. 11, 2019).( ("[T]he Ninth Circuit made clear [in Cobbler] that a copyright infringement claim based merely on a defendant's status as the subscriber of an IP address associated with infringing activity does not cross the threshold of 'plausibility' that pleadings in federal court must satisfy."); (*Malibu Media, LLC v. John Doe Subscriber*, No. 18C450, 2018 U.S. Dist. LEXIS 207655, 2018 WL 6446404, at *3 (N.D.Ill. Dec. 10, 2018).) ("This Court agrees with the Ninth Circuit and those courts that have found that a plaintiff must allege more than simply the registration of an IP address to an individual in order to proceed against that individual for copyright

DEFENDANT'S MOTION TO QUASH PLAINTIFF'S THIRD PARTY SUBPOENA

infringement."); (*Breaking Glass Pictures, LLC*, 2013 U.S. Dist. LEXIS 106565, 2013 WL 3930474, at *2.) (affirming decision denying expedited discovery and stating, "the complaint contains no factual allegations setting forth that the subscribers were, in fact, the individuals using the internet connection at the relevant time." Also finding plaintiff has not stated plausible claims against the subscribers because although the complaint was consistent with the subscriber's liability for copyright infringement, the "allegations are also consistent with the subscribers not being liable."); (*Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160, 164 (D.D.C. 2018).) ("Strike 3 could not withstand a 12(b)(6) motion in this case without resorting to far more intensive discovery machinations sufficiently establishing defendant did the infringing[.]"); (*PTG Nevada, LLC v. Chan*, No. 16C1621, 2017 U.S. Dist. LEXIS 6276, 2017 WL 168188, at *2 (N.D.Ill. Jan. 17, 2017).) (collecting cases)("This Court agrees with those courts that have found that the plaintiff needs to allege more than just the registration of an IP address to an individual in order to proceed against that individual for copyright infringement."); (*In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 84 (E.D.N.Y. 2012).) ("[I]t is no more likely that the subscriber to an IP address carried out . . . the purported illegal downloading . . . than to say an individual who pays the telephone bill made a specific telephone call.").

The Court is aware of authority that limits *Cobbler* to the motion to dismiss context. In other words, some decisions hold that *Cobbler* only applies after the plaintiff has an opportunity to obtain discovery to identify a subscriber. For example, in *Strike 3 Holdings, LLC v. John Doe*, 2019 WL 2996428 (N.D.Cal. July 9, 2019), the Court ruled that Cobbler, "does not stand for the proposition that subpoenas may not be used to determine a subscriber's name." (*id*., *3). However, the Court respectfully disagrees that Cobbler should be given a narrow reading. First, the Ninth Circuit in *Cobbler* did

DEFENDANT'S MOTION TO QUASH PLAINTIFF'S THIRD PARTY SUBPOENA

not specifically address a discovery issue so the Court will not read into the decision a ruling that was not decided. (See *Wright v. Spaulding*, 939 F.3d 695, 701 (6th Cir. 2019).) ("For a court's conclusion about an issue to be part of its holding . . . the court must have actively applied the conclusion to the case in front of it. . . . [and] it must be clear that the court considered the issue and consciously reached a conclusion about it.") (citation omitted).

Further, for the reasons already stated, it would be anomalous to permit a plaintiff in a John Doe case to obtain discovery based on a futile form complaint. Such bootstrapping must be barred in order to protect the integrity of the courts. Cases support the view that *Cobbler* carries just as much weight in the context of a motion for expedited discovery or motion to quash, as it does in the context of a motion to dismiss. This is would not be the first and only opinion denying a motion for expedited discovery because of a deficient pleading.

Finally, in the context of examining the totality of the circumstances to decide if expedited discovery should be granted, it is appropriate to examine in the first instance whether the complaint can withstand a dismissal motion.

### III. CONCLUSION

Plaintiff Strike 3 has filed over 3,000 complaints and post Cobbler, now seeks to flood the Florida state Court's with its improper "bill of discovery" that they dismiss anytime they are challenged by a motion to quash in Florida. Then Plaintiff switches from the East Coast to the West Coast to file a bogus delayed complaint in California, knowing Defendant was subject to jurisdiction before filing their Florida Action.

This whole process is designed to find a cheap and easy way to unmask the identity of internet subscribers in Florida and if challenged, to sue the same person in California rather than risk the loss of their Florida State lead machine.

DEFENDANT'S MOTION TO QUASH PLAINTIFF'S THIRD PARTY SUBPOENA

This whole litigation scheme creates grounds to dismiss the case under Rule 41, regardless of the age of this proceeding. Plaintiff's intentional two bite at the apple game is causing harm, damages, harassment and delay in the litigation. These harms justify a dismissal of the case with prejudice for the multiple vexatious filings under these circumstances.  Further, this will send a message to Plaintiff that it is liable for raising these costs, and delaying the case which may result in a loss of exculpatory evidence.

Thus, the motion should thus be quashed, and Plaintiff should be held liable fees they are forcing a Defendant to incur in defending not one, but two vexatious actions, and the case should be dismissed under F.R.C.P. Rule 41 et seq.

In the alternative Defendant seeks a protective Order that Defendant not be allowed to name Defendant in any action without Court approval.

DATED: March 27, 2020

LAW OFFICES OF DOUGLAS JOSEPH ROSNER

/s/ Douglas J. Rosner

By:   DOUGLAS J. ROSNER
      SBN 094466
      2625 Townsgate Road, Suite 330
      Westlake Village, California 91302
      Telephone No. (818) 501-8400
      email: rosnerlaw@earthlink.net
      Attorney for internet subscriber
      assigned IP address 75.84.181.123

DEFENDANT'S MOTION TO QUASH PLAINTIFF'S THIRD PARTY SUBPOENA

Page 19 of 19