UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10674-TJH (SPx) | Date | April 28, 2020 |
|---|---|---|---|
| Title | Strike 3 Holdings, LLC v. John Doe | | |

| Present: The Honorable | SHERI PYM, United States Magistrate Judge |
|---|---|

| Kimberly I. Carter | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   (In Chambers) Order Denying Defendant's Motion to Quash [14]

## I. INTRODUCTION

On March 27, 2020, defendant John Doe filed a motion to quash plaintiff Strike 3 Holding, LLC's subpoena to Spectrum, defendant's Internet Service Provider ("ISP"), seeking defendant's identity information. Docket no. 14. The motion is supported by the declaration of Douglas J. Rosner ("Rosner Decl."), and exhibits thereto. The motion also includes a Request for Judicial Notice. Plaintiff opposed the motion on April 7, 2020. Plaintiff's opposition is supported by the declaration of Lincoln D. Bandlow ("Bandlow Decl."), and exhibits thereto. Defendant filed a reply on April 14, 2020. Plaintiff also belatedly filed supplemental authority on April 14 and 22, 2020.

The court found a hearing on the motion would not be of assistance, and so vacated the hearing scheduled for April 28, 2020. The court now denies defendant's motion to quash the subpoena for the reasons discussed below.

## II. BACKGROUND

Plaintiff is the owner of adult motion pictures. Compl. at 1. These motion pictures are distributed through various adult websites and DVDs. *Id.* at 1-2. Plaintiff alleges defendant used BitTorrent protocol to download plaintiff's motion pictures and distribute them to others, committing copyright infringement. *Id.* at 2. Specifically, plaintiff alleges defendant downloaded a total of 53 of plaintiff's motion pictures. *Id.* at 5, Ex. A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10674-TJH (SPx) | Date | April 28, 2020 |
|---|---|---|---|
| Title | Strike 3 Holdings, LLC v. John Doe | | |

    To ascertain defendant's true identity, plaintiff filed an action in equity for a bill of discovery in Florida state court, asserting that plaintiff's forensic servers which detect and record infringement are located in Florida and that infringers are subject to specific personal jurisdiction in Florida. *See* Opp. at 4 n. 4, Bandlow Decl. ¶¶ 6-7. The Florida state court granted plaintiff's motion for leave to serve a subpoena on Spectrum. *See* Bandlow Decl. ¶¶ 7-8, Ex. 1. After plaintiff served the subpoena on Spectrum, defendant moved to quash, arguing plaintiff should have brought its copyright infringement action in federal court instead. *Id.* ¶ 8, Ex. 2. In light of defendant's objections, plaintiff dismissed the Florida action and agreed to litigate in federal court. Opp. at 4-5.

    Plaintiff filed its Complaint in this action on December 17, 2019. On January 16, 2020, plaintiff filed an ex parte application for leave to serve a third-party subpoena prior to a Rule 26(f) conference. The court granted plaintiff's ex parte application on February 4, 2020, but included a limited protective order. Docket no. 12. Namely, the court granted permission for plaintiff to serve a Rule 45 subpoena on Spectrum to obtain defendant's true name and address, but ordered that it must include a copy of the court's order. The order gave Spectrum 30 days from the date of service upon it to serve defendant with a copy of the subpoena and the court's order. Defendant then had 30 days from the date of service upon him or her to file any motions contesting the subpoena. Spectrum was not to turn over defendant's identifying information to plaintiff before the expiration of the 30-day period, or until the court ruled on any motion from defendant.

    Following plaintiff's service of the subpoena on Spectrum, defendant filed the motion to quash the subpoena now before the court.

### III. LEGAL STANDARD

    Motions to quash subpoenas are governed by Rule 45 of the Federal Rules of Civil Procedure. Pursuant to Rule 45(d)(3)(A), a court is required to quash or modify a subpoena if it: fails to allow a reasonable time to comply; requires a person to comply beyond the specified geographical limits; requires disclosure of privileged or other protected matter; or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). Rule 45(d)(3)(B) also permits a court to quash or modify a subpoena if it requires disclosing a trade secret or other confidential research, development, or commercial information, or disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10674-TJH (SPx) | Date | April 28, 2020 |
|---|---|---|---|
| Title | Strike 3 Holdings, LLC v. John Doe | | |

party.  Fed. R. Civ. P. 45(d)(3)(B)(i)-(ii).

## IV. DISCUSSION

Defendant makes several arguments in support of his or her motion to quash, none of which are legitimate grounds for quashing the subpoena under Rule 45(d)(3) of the Federal Rules of Civil Procedure.

First, defendant argues the subpoena violates his right to privacy under the "Federal Cable Privacy Act" and that plaintiff intends to use defendant's name and address to harass him into a settlement, regardless of whether the subscriber is actually the infringer.  Mtn. at 6-7.  But a cable operator may disclose a subscriber's personally identifiable information "pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order."  47 U.S.C. § 551(c)(2)(B).  In its order granting plaintiff's ex parte application for leave to serve the subpoena, the court authorized such disclosure and provided for defendant's notification, which has plainly occurred.  Accordingly, since the February 4 Order authorized disclosure of defendant's identifying information in compliance with the Cable Privacy Act, defendant's privacy concerns have already been addressed and there is no basis to quash the subpoena as requiring disclosure of protected information.

Second, defendant argues plaintiff's decision to file and then dismiss the bill of discovery action in Florida and then file this copyright action in federal court creates an undue burden on defendant by forcing defendant to file a second motion to quash in federal court.  Mtn. at 6-8.  Defendant accuses plaintiff of "forum shopping," "abuse [of] process," and "litigation gamesmanship."  *See id*.  This argument is unpersuasive.  Because defendant is not the party responding to the subpoena, there is no discovery burden on defendant here.  *See Third Degree Films, Inc. v. Does 1-178*, 2012 WL 12925674, at *2 (N.D. Cal. Dec. 6, 2012) ("Defendant is not faced with an undue burden because the subpoena is directed at the ISP and not the [d]efendant.  It is the ISP that is compelled to disclose the information, and thus, its prerogative to claim an undue burden.") (citations omitted); *see also Mount Hope Church v. Bash Back!*, 705 F.3d 418, 428 (9th Cir. 2012) (holding that "undue burden" is "the burden associated with compliance").  Defendant was the party who assumed the burden to file the instant motion to quash, but Rule 45(d)(3)(A) refers to the burden created by the subpoena.  Further, plaintiff filed this case in federal court based on defendant's argument it belongs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10674-TJH (SPx) | Date | April 28, 2020 |
|---|---|---|---|
| Title | Strike 3 Holdings, LLC v. John Doe | | |

here.  As such, the court declines to quash the subpoena on the ground of undue burden.

Third, defendant contends plaintiff's decision to first file a bill of discovery action in Florida and then file this action in this court has resulted in a delay of the case, which in turn has created a risk that relevant information in Spectrum's possession has been lost.  Mtn. at 6.  This argument is also unpersuasive.  Defendant's own conduct contradicts his concern about delay and potential loss of information, since defendant moved to quash plaintiff's first subpoena in Florida and apparently failed to take any action to ensure that Spectrum would preserve any relevant information for his defense.  After plaintiff dismissed the Florida state court action at defendant's request and re-filed in this court, defendant took no action to have the court order Spectrum to preserve evidence, but rather again moved to quash the subpoena.  In any event, any delay in obtaining information from Spectrum would more likely prejudice plaintiff, rather than defendant, because it is possible that plaintiff will be unable to obtain the information necessary to satisfy the applicable pleading standard discussed further below.  Thus, the court finds no basis for defendant's contention that plaintiff has delayed this case and prejudiced defendant by filing this action in federal court.

The court notes that with the motion, defendant asks the court to take judicial notice of four documents regarding plaintiff's lawsuits against defendant and other alleged infringers in the Florida state court.  *See* Mtn., Req. Jud. Not., Exs. A, C-E.  Although defendant does not explain why the court should take judicial notice of these documents, it appears defendant seeks to substantiate his contention that plaintiff first filed an action in Florida state court to harass defendant, cause unnecessary delay, and forum shop.  *See* Mtn. at 10-13, Rosner Decl. ¶¶ 3-12.  Because the court has already considered and rejected defendant's contention that plaintiff filed the bill of discovery action in Florida to harass defendant, cause unnecessary delay, and forum shop, the court finds no reason to take judicial notice of such documents here.

Finally, defendant suggests the court should quash the subpoena because plaintiff's complaint fails to satisfy the pleading standard set out in *Cobbler Nevada LLC v. Gonzalez*, 901 F.3d 1142 (9th Cir. 2018).  Mtn. at 7-9.  In that case, the Ninth Circuit held that a bare allegation that a defendant is the registered subscriber of an IP address associated with infringing activity is insufficient to state a claim for copyright infringement; rather, "[a] plaintiff must allege something more to create a reasonable inference that a subscriber is also an infringer."  *Cobbler Nevada LLC*, 901 F.3d at 1144-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10674-TJH (SPx) | Date | April 28, 2020 |
|---|---|---|---|
| Title | Strike 3 Holdings, LLC v. John Doe | | |

45. But defendant's reliance on *Cobbler Nevada* in support of his argument that plaintiff's subpoena must be quashed because plaintiff's complaint does not yet allege "something more" is misplaced.

In *Cobbler Nevada*, the court found that plaintiff was unable to plead anything more than the subscriber's identity even after permitting plaintiff to subpoena the ISP for defendant's identifying information, conduct an initial investigation into the defendant, and depose the defendant. *See id.* at 1145-46. Contrary to defendant's assertion, *Cobbler Nevada* does not bar early discovery by means of a subpoena to an ISP for a subscriber's identity, which is what plaintiff seeks here. *See Strike 3 Holdings, LLC v. Doe*, 2019 WL 2996428, at *3 (N.D. Cal. July 9, 2019) (stating that "*Cobbler Nevada* does not stand for the proposition that subpoenas may not be used to determine a subscriber's name" and listing cases so holding). Thus, to the extent defendant argues plaintiff has failed to allege sufficient evidence to prove defendant is the actual infringer, such a consideration is premature and does not justify quashing the subpoena.

In sum, defendant has failed to provide any legitimate reason for quashing the subpoena.

## V. CONCLUSION

For the reasons stated above, defendant's motion to quash (docket no. 14) is DENIED. But the court does grant defendant's alternative request for a protective order as follows: plaintiff is prohibited from publicly revealing defendant's name absent defendant's consent or leave of court. Plaintiff is directed to serve a copy of this order on Spectrum.