1  Douglas J. Rosner, ESQ., SBN 094466
   rosnerlaw@earthlink.net
2  LAW OFFICES OF DOUGLAS JOSEPH ROSNER
   2625 Townsgate Road, Suite 330
3  Westlake Village, California 91361
   Telephone No. (818) 501-8400
4  Facsimile No.: (818) 880-4485
   Attorney for Defendant identified as IP Subscriber
5  address 75.84.181.123

6

7                    UNITED STATES DISTRICT COURT

8           CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

9

10 STRIKE 3 HOLDINGS, LLC,            ) Case No. 2:19-cv-10674-TJH (SPx)
                                      ) *Assigned to the Hon. Terry J. Hatter
11              Plaintiff,            ) Jr.*
         vs.                          )
12                                    ) DEFENDANT'S ANSWER and
   JOHN DOE subscriber assigned IP    ) AFFIRMATIVE DEFENSES
13 address 75.84.181.123,             )
                                      ) COUNTERCLAIM FOR
14              Defendants.           ) DEFENDANT JOHN DOE
                                      ) subscriber assigned IP
15 _____) address 73.225.38.130 for
                                      ) DECLARATION OF
16 JOHN DOE subscriber assigned IP    ) NON-INFRINGEMENT
   address 75.84.181.123,             )
17                                    )
                Cross-complainant,    ) JURY TRIAL DEMAND
18                                    )
         vs.                          )
19                                    )
   STRIKE 3 HOLDINGS, LLC, and        )
20 ROES 1-30, inclusive.              )
                                      )
21              Cross-defendant.      )
   _____)
22

23       Defendant JOHN DOE subscriber assigned IP address 75.84.181.123

24 (hereinafter "John Doe") by and through counsel hereby answers Plaintiff's ("S3H")

25 complaint for copyright infringement.

26 _____

27 DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES and COUNTERCLAIM

28                                                              Page 1 of 20

## Introduction

1. Answering paragraph 1 of the Complaint, Defendant denies each and every allegation contained in paragraph 1 of the Complaint.

2. Answering paragraph 2 of the Complaint, Defendant is without sufficient knowledge, information or belief to admit or deny the allegations contained in paragraph 2 of the Complaint and on that basis denies each and every allegation contained therein.

3. Answering paragraph 3 of the Complaint, Defendant is without sufficient knowledge, information or belief to admit or deny the allegations contained in paragraph 3 of the Complaint and on that basis denies each and every allegation contained therein.

4. Answering paragraph 4 of the Complaint, Defendant denies each and every allegation contained in paragraph 4 of the Complaint.

5. Answering paragraph 5 of the Complaint, Defendant admits that Defendant's IP address is 75.84.181.123, with that exception, Defendant denies each and every allegation contained in paragraph 5 of the Complaint.

6. Answering paragraph 6 of the Complaint, Defendant admits that admit as to factual statements regarding S3H improperly bringing an action in Florida State Court and denies that the Florida State Court had subject matter or personal jurisdiction over S3H's copyright claim.

## Jurisdiction and Venue

7. Answering paragraph 8 of the Complaint, Defendant denies that the acts of infringement occurred by John Doe.

8. Answering paragraph 9 of the Complaint, Defendant denies each and every allegation contained in paragraph 9 of the Complaint.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES and COUNTERCLAIM

9. Answering paragraph 10 of the Complaint, Defendant is without sufficient knowledge, information or belief to admit or deny the allegations contained in paragraph 10 of the Complaint and on that basis denies each and every allegation contained therein.

10. Answering paragraph 11 of the Complaint, Defendant is without sufficient knowledge, information or belief to admit or deny the allegations contained in paragraph 11 of the Complaint and on that basis denies each and every allegation contained therein.

11. Answering paragraph 12 of the Complaint, Defendant denies each and every allegation contained in paragraph 12 of the Complaint.

### Parties

12. Answering paragraph 13 of the Complaint, Defendant is without sufficient knowledge, information or belief to admit or deny the allegations contained in paragraph 13 of the Complaint and on that basis denies each and every allegation contained therein.

13. Answering paragraph 14 of the Complaint, Defendant admits Defendant's IP address is 75.84.181.123, with that exception, Defendant denies each and every allegation contained in paragraph 14 of the Complain.

### Factual Background

14. Answering paragraph 15 of the Complaint, Defendant is without sufficient knowledge, information or belief to admit or deny the allegations contained in paragraph 15 of the Complaint and on that basis denies each and every allegation contained therein.

///
///

---

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES and COUNTERCLAIM

Page 3 of 20

15. Answering paragraph 16 of the Complaint, Defendant is without sufficient knowledge, information or belief to admit or deny the allegations contained in paragraph 16 of the Complaint and on that basis denies each and every allegation contained therein.

16. Answering paragraph 17 of the Complaint, Defendant is without sufficient knowledge, information or belief to admit or deny the allegations contained in paragraph 17 of the Complaint and on that basis denies each and every allegation contained therein.

17. Answering paragraph 18 of the Complaint, Defendant is without sufficient knowledge, information or belief to admit or deny the allegations contained in paragraph 18 of the Complaint and on that basis denies each and every allegation contained therein.

18. Answering paragraph 19 of the Complaint, Defendant is without sufficient knowledge, information or belief to admit or deny the allegations contained in paragraph 19 of the Complaint and on that basis denies each and every allegation contained therein.

19. Answering paragraph 20 of the Complaint, Defendant is without sufficient knowledge, information or belief to admit or deny the allegations contained in paragraph 20 of the Complaint and on that basis denies each and every allegation contained therein.

20. Answering paragraph 21 of the Complaint, Defendant is without sufficient knowledge, information or belief to admit or deny the allegations contained in paragraph 21 of the Complaint and on that basis denies each and every allegation contained therein.

///

21. Answering paragraph 22 of the Complaint, Defendant is without sufficient knowledge, information or belief to admit or deny the allegations contained in paragraph 22 of the Complaint and on that basis denies each and every allegation contained therein.

22. Answering paragraph 23 of the Complaint, Defendant is without sufficient knowledge, information or belief to admit or deny the allegations contained in paragraph 23 of the Complaint and on that basis denies each and every allegation contained therein.

23. Answering paragraph 24 of the Complaint, Defendant is without sufficient knowledge, information or belief to admit or deny the allegations contained in paragraph 24 of the Complaint and on that basis denies each and every allegation contained therein.

24. Answering paragraph 25 of the Complaint, Defendant denies each and every allegation contained in paragraph 25 of the Complaint.

25. Answering paragraph 26 of the Complaint, Defendant is without sufficient knowledge, information or belief to admit or deny the allegations contained in paragraph 26 of the Complaint and on that basis denies each and every allegation contained therein.

26. Answering paragraph 27 of the Complaint, Defendant denies ever using the BitTorrent file distribution network and with that exception Defendant is without sufficient knowledge, information or belief to admit or deny the allegations contained in paragraph 27 of the Complaint and on that basis denies each and every allegation contained therein.

27. Answering paragraph 28 of the Complaint, Defendant denies each and every allegation contained in paragraph 28 of the Complaint.

28. Answering paragraph 29 of the Complaint, Defendant denies each and every allegation contained in paragraph 29 of the Complaint.

29. Answering paragraph 30 of the Complaint, Defendant denies each and every allegation contained in paragraph 30 of the Complaint.

30. Answering paragraph 31 of the Complaint, Defendant is without sufficient knowledge, information or belief to admit or deny the allegations contained in paragraph 31 of the Complaint and on that basis denies each and every allegation contained therein.

31. Answering paragraph 32 of the Complaint, Defendant is without sufficient knowledge, information or belief to admit or deny the allegations contained in paragraph 32 of the Complaint and on that basis denies each and every allegation contained therein.

32. Answering paragraph 33 of the Complaint, Defendant denies each and every allegation contained in paragraph 33 of the Complaint.

33. Answering paragraph 34 of the Complaint, Defendant is without sufficient knowledge, information or belief to admit or deny the allegations contained in paragraph 34 of the Complaint and on that basis denies each and every allegation contained therein.

34. Answering paragraph 35 of the Complaint, Defendant is without sufficient knowledge, information or belief to admit or deny the allegations contained in paragraph 35 of the Complaint and on that basis denies each and every allegation contained therein.

35. Answering paragraph 36 of the Complaint, Defendant denies each and every allegation contained in paragraph 36 of the Complaint.

///

# COUNT I

## Direct Copyright Infringement

36. Answering paragraph 37 of the Complaint, John Doe incorporates by reference the statements made in paragraphs 1-36 in this Answer.

37. Answering paragraph 38 of the Complaint, Defendant is without sufficient knowledge, information or belief to admit or deny the allegations contained in paragraph 38 of the Complaint and on that basis denies each and every allegation contained therein.

38. Answering paragraph 39 of the Complaint, Defendant denies each and every allegation contained in paragraph 39 of the Complaint.

39. Answering paragraph 40 of the Complaint, Defendant is without sufficient knowledge, information or belief to admit or deny the allegations contained in paragraph 40 of the Complaint and on that basis denies each and every allegation contained therein.

40. Answering paragraph 41, and subparts, of the Complaint, Defendant denies each and every allegation contained in paragraph 41, and subparts of the Complaint.

41. Answering paragraph 42, and subparts, of the Complaint, Defendant denies each and every allegation contained in paragraph 42, and subparts of the Complaint.

WHEREFORE, John Doe respectfully requests that S3H be denied such relief as requested in their prayer on pages 7-8 of the Complaint, and award John Doe reasonable attorney fees and costs pursuant to statute and any other relief this Court may grant.

///

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES and COUNTERCLAIM

## AFFIRMATIVE DEFENSES

As separate, independent, and affirmative defenses to the Complaint, Defendant alleges that:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

42. As a First and Separate Affirmative Defense, Defendant asserts that S3H has made no attempt to mitigate any actual or perceived damages, including but not limited to sending out DMCA take-down notices to the ISP for the IP address. The cost of sending DMCA notices is practically nil compared to the cost of filing a lawsuit and the process of sending DMCA notices can be automated. The sending of DMCA notices to the ISP can result in the termination of the Internet account, solving the alleged problem for S3H.

Further, S3H can identify the bittorrent "initial seeders" of the works at issue and take appropriate action, such as, either by corrupting the swarms, or by filing lawsuits against the seeders, rather, they actively encourage such seeding.

### SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands and Inequitable Conduct)

43. As a Second and Separate Affirmative Defense, Defendant asserts that S3H has unclean hands in their enforcement of the copyrights that are at issue in this case. S3H has improperly filed a state court action for which there is no subject matter or personal jurisdiction over John Doe.

///
///
///
///

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES and COUNTERCLAIM

## THIRD AFFIRMATIVE DEFENSE
## (Waiver and Implied License)

44. As a Third and Separate Affirmative Defense, Defendant asserts S3H has waived its copyrights by simultaneously distributing free versions of its movies across numerous websites, with no obligation by the consumer to purchase those movies. S3H was aware of such free distribution.

## FOURTH AFFIRMATIVE DEFENSE
## (Copyright Misuse)

45. As a Fourth and Separate Affirmative Defense, Defendant asserts that S3H has knowingly misused court process and procedure, inter alia, that the Florida state court process, for which the court in Florida has no subject matter or personal jurisdiction over a copyright claim. The Copyright Monopoly has not been extended to allow S3H to file claims in state court, bypassing the federal rules of civil procedure, and the oversight of a Federal Court system.

## FIFTH AFFIRMATIVE DEFENSE
## (Fifth Affirmative Defense)

46. As a Fifth and Separate Affirmative Defense, Defendant asserts that S3H has failed to join all actual and potential joint infringers including, but not limited to, other participants in the BitTorrent swarm and the website that hosted the ".torrent" file.

## SIXTH AFFIRMATIVE DEFENSE
## (Fair Use and Other Statutory Defenses 17 U.S.C. 107-122, 512)

47. As a Sixth and Separate Affirmative Defense, Defendant asserts that Defendant is entitled to the statutory defenses under 17 U.S.C 107 to 17 U.S.C 122, and 17 USC 512 (DMCA).

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES and COUNTERCLAIM

## SEVENTH AFFIRMATIVE
### (Single Satisfaction and Equitable Offset)

48. As a Seventh and Separate Affirmative Defense, Defendant claims that other members of the same torrent hash have settled barring further recovery. Further, Defendant is entitled to an equitable offset based on prior settlements for the same work.

## EIGHTH AFFIRMATIVE DEFENSE
### (Standing)

49. As an Eighth and Separate Affirmative Defense, Defendant asserts Plaintiff lacks standing to bring these claims as they are not the owner of the copyright.

## NINTH AFFIRMATIVE DEFENSE
### (Right to Amend)

50. As a Ninth and Separate Affirmative Defense, Defendant further requests the right to amend these affirmative defenses as additional facts are learned during discovery.

## PRAYER FOR RELIEF

WHEREAS, Defendant Prays as follows:

1. Plaintiff be denied all relief both at law and in equity;
2. Defendant be awarded costs;
3. Defendant be awarded attorney fees pursuant to statute;
4. Any other relief this Court may grant in it's discretion.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, John Doe hereby demands a trial by jury.

///

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES and COUNTERCLAIM

## COUNTERCLAIM OF THE DEFENDANT
## (JOHN DOE subscriber assigned IP address 75.84.181.123)

COMES NOW, the Defendant/Counterclaimant, JOHN DOE subscriber assigned IP address 75.84.181.123("John Doe") pursuant to Fed. R. Civ. P. 13 and 15, by and through its counsel of record, and hereby counterclaims against Plaintiff, STRIKE 3 HOLDINGS, LLC, ("S3H") on the grounds described herein, and praying for the relief hereinafter set forth as follows:

## NATURE OF THIS ACTION

1. Strike 3 Holdings, LLC has begun a perverse litigation campaign ostensibly to "protect" its copyrights from infringement. John Doe is one such defendant in this campaign against over 700 other defendants in numerous districts. John Doe, a nurse, seeks affirmative relief that John Doe did not infringe the works at issue. What is clear is that the S3H litigation model is not what it claims, to protect itself from copyright infringement, rather S3H has a business model to use the court system to extract income using "sue and settle" without resorting to the far less costly provisions provided under the DMCA.

## PARTIES

2. At times herein relevant, Counterclaimant John Doe is an individual residing in Los Angeles, California.

3. Counterclaimant John Doe does not know the true names and capacities of the Counterdefendants sued herein as Roes 1-30, inclusive, and therefore sues those counterdefendants by such fictitious names. Counterclaimant John Doe will amend this Counterclaim to allege their true names and capacities when they are ascertained. Counterclaimant John Doe is informed and believes and therefore alleges that each of the fictitiously named Counterdefendants is

responsible in some manner for the occurrences herein alleged and that Counterclaimant John Doe's injuries as herein alleged were proximately caused by such Counterdefendants.

4. Counterclaimant John Doe is informed and believes and therefore alleges that, at all times herein mentioned, each of the counterdefendants was the agent, employee, joint venturer or co-conspirator of each of the remaining counterco-defendants, and in doing the things hereinafter alleged, was acting within the scope of said agency, employment, joint venture or conspiracy and with the permission and consent of their counter-co-defendants. Each counter-defendant has ratified and approved the acts of the remaining counterdefendants.

## JURISDICTION AND VENUE

5. The First counterclaim is brought pursuant to 28 U.S.C. § 2201. This Court is thereby vested with subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this case presents a federal question under the United States Copyright Act. This counterclaim is brought in accordance with Federal Rule of Civil Procedure 13(a)(1). The aforementioned cause of action arose out of the transactions or occurrences that are the subject matter of S3H's Complaint.

6. Venue is also proper under 28 U.S.C. § 1391 because many of the acts and practices complained of herein incurred in a substantial part in this judicial district.

## GENERAL ALLEGATIONS

7. John Doe is a nurse. Until John Doe was sued by S3H, John Doe had never heard of the pornographic websites: "Blacked", "Vixen", or "Tushy".

///
///
///

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES and COUNTERCLAIM

# BACKGROUND

## Broadband, DMCA, and Internet Infringement

8. The rise of DSL and Cable broadband in the United States created a blessing and a curse for content owners (CO). The blessing is that CO's could distribute their works to a much larger audience. The curse for the CO's was that it was easier for people to infringe their copyrights.

9. The 1998 enactment of the DMCA struck a balance between internet service providers (ISP), (CO), and the distribution of copyrighted works. Congress provided a mechanism for CO's to provide notice to ISP's (a DMCA notice) of alleged infringements of their copyrights. This system has worked fairly well. In cases where ISP's have failed to properly "police" the DMCA notices, lawsuits have been file against ISP's that they have not followed the DMCA, and large jury awards have been entered against the ISP's. (See *BMG Rights Management, LLC, et. al v. Cox Enterprises, Inc*., 16-1972 (4th Cir. 2018).)

10. To avoid infringement liability, every ISP, including the ISP in this case, Charter/Spectrum has a policy of terminating subscribers when they receive a large number of DMCA notices. For example, Charter/Spectrum has such a policy entitled: "Spectrum Internet Acceptable Use Policy" found at https://www.spectrum.com/policies/residential-terms. The policy is not complicated – if Spectrum gets too many DMCA notices, they cut off their customer.

11. The cost of sending a DMCA notice is negligible. The CO simply sends an email (which costs almost nothing) to the ISP.

///
///
///

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES and COUNTERCLAIM

**The IP Address, ISP Wifi Routers, and the Risk of False Positives**

12. ISP's, in effort to attract more subscribers and make more money, have marketed broadband to residential customers. Residential customers are then supplied with DSL or cable modems or routers. These modems and routers are configured in such a way that any computer in a household can use any number of computers to access the internet which is mapped to a single IP address.

**The Economics of Porno-trolling**

13. The porn industry, like the rest of the media industry, has benefitted from the rollout of broadband. See The Hidden Economics of Porn https://www.theatlantic.co m/business/archive/2016/04/ pornography-industry-economics-tarrant/476580/.

14. Numerous porn studios produce and distribute copyrighted video works. These include such well known names as Playboy, Penthouse, and Hustler who have migrated from the print magazine format to the Internet. None of these studios have launched large scale "Doe" campaigns of copyright infringement. In 2011, porn studios found that bittorrent litigation was a profitable adjunct to their regular media distribution.

**Ingenuity 13,LLC (Prenda Law), Malibu Media, and Strike 3 Holdings**

15. In the decision of Honorable Otis Wright in the Central District of California, Judge Wright characterized "Porno-trolling" as:

> …They've discovered then nexus of antiquated copyright laws, paralyzing social stigma, and unaffordable defense costs. And they exploit this anomaly by accusing individuals of illegally downloading a single pornographic video. Then they offer to settle—for a sum calculated to be just below the cost of a bare-bones defense.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES and COUNTERCLAIM

> For these individuals, resistance is futile; most reluctantly pay rather than have their names associated with illegally downloading porn. So now, copyright laws originally designed to compensate starving artists allow, starving attorneys in this electronic-media era to plunder the citizenry.
> (*Ingenuity 13, LLC v. John Doe*, 2:12-cv-08333-ODW-JC Document 130 Filed 05/06/13.)

16. As Judge Wright noted, Porno-trolling as a business model works because the cost to initiate a lawsuit is extremely low in federal court ($400.00) and the cost to hire a copyright lawyer for the defendant can be very high ($ 300.00- $400.00 per hour). Retainers requested by prospective defense counsel frequently far exceed the cost to settle. When plaintiffs get any push back, they simply dismiss under Rule 41 and just incur the nominal filing cost of $ 400.00. Defendants meanwhile have had to be involved in the legal system – find defense counsel and pay defense counsel a relatively large retainer.

### Ingenuity 13, LLC

17. Ingenuity 13, LLC and other related entities collectively known as "Prenda Law", the subject of the aforementioned order successfully exploited this model until they were sanctioned by the Central District of California. This sanction was upheld by the Ninth Circuit Court of Appeals. (See Memorandum Opinion *Ingenuity 13, LLC et. al vs. John Doe*, 13-55859 (9th Cir 2016).)

18. The lawyers involved were then indicted by the U.S. Attorney's office in the District of Minnesota. On March 16, 2017, John L. Steele reached a plea agreement in the matter of the *United States vs. Steele, et. al* 16-cr-00334 (D MN Dckt 43 3/6/2017).

///

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES and COUNTERCLAIM

19. John Steele stipulated that from 2010 to 2014 that Prenda Law and the related entities received $ 6,000,000.00 in copyright infringement settlement payments and caused losses totaling at least $ 3,000,000.00. A search of PACER shows that less than 500 cases were filed by the entities related to Prenda Law during that short four-year period.

## Malibu Media, LLC

20. Malibu Media, LLC dba x-art.com, is a pornography production studio.

21. Malibu Media adopted the porno-trolling business model. From 2012 to 2016, over 5,000 lawsuits filed. This was managed by the law firm of Lipscomb Eisenberg & Baker PL ("Lipscomb Law") ran the Malibu Media lawsuits. If a case became difficult (e.g., unwinnable), Malibu Media would "cut and run", by filing a Rule 41 dismissal with prejudice.

22. Attorney Emilie Kennedy worked at Lipscomb Law from 2012 to 2016 and was primarily responsible for filing all of the copyrights for Malibu Media with the Copyright Office (over 500+ copyright applications). In 2016, Emilie Kennedy, left Lipscomb and took her Malibu Media client with her to California, where it was then managed by the Pillar Law Group.

23. The key to Malibu's litigation strategy was and is the "Ex Parte" motion to get early discovery from the ISP. This involves:

- a torrent monitoring company – to say they monitored the torrents;
- an "investigator" who testifies the monitoring torrents worked;
- a business owner who testified that they had done everything in their power to control infringement and their company would go out of business unless the infringement was stopped;

///

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES and COUNTERCLAIM

Page 16 of 20

- selection of high value judicial districts and exiting those districts when decisions became adversarial;
- use of "infringement stacking" to "infringement delay" to amplify damages rather than to try and mitigate damages;
- the wide distribution of "free" versions of their movies on such sites as"Pornhub".

24. Malibu Media used a torrent monitoring company from Germany marketed under various names: Maverickeye, IPP, and Excipio ("Germans"). In many cases, the Germans had Tobias Fieser sign declarations that he "compared" each Malibu Work to each "Depository Copy" to verify infringement.

25. Malibu Media also employed a "forensic investigator" of the alleged infringements. Patrick Paige signed thousands of pro form declarations for Malibu Media to get early discovery. Patrick Paige also signed numerous declarations that he "tested" the software for monitoring torrents in 2013, when in fact, he never tested the software.

26. Malibu Media also used Collette Pelissier, the "owner" of Malibu Media to attest that her company was in dire straits due to infringement. Despite over 5 years of infringements, there is no evidence that Malibu Media ever sent a DMCA notice to a single IP address of a "John Doe" IP address.

27. Malibu Media only sued in a small number of targeted judicial districts where the income of the defendants had high net worth. Even within those districts, defendants were isolated based on the high net worth of the districts.

28. Malibu Media used "infringement stacking" and "infringement delay" to amplify damages rather than to try and mitigate damages.

///

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES and COUNTERCLAIM

29. Malibu Media widely distributed almost full length "clips" of their movies on such sites as "Pornhub" which market and promote "free porn".

### Strike 3 Holdings Torrent Monitoring and 2500 + Lawsuits

30. S3H is a pornography production studio with several related entities located in the Los Angeles area of California. S3H operates at least three website brands: Blacked, Tushy, and Vixen.

31. S3H has adopted the porno trolling business model. From late 2017 to date over 2500 + lawsuits have been filed.

32. The key to S3H's litigation strategy, is the "Ex Parte" motion to get early discovery from the ISP. This involves:

- a torrent monitoring company – to say they monitored the torrents;
- an "investigator" who testifies the monitoring torrents worked;
- a business owner who testifies that they had done everything in their power to control infringement and their company would go out of business unless the infringement was stopped;
- selection of high value judicial districts and exiting those districts when decisions became adversarial;
- use of "infringement stacking" to "infringement delay" to amplify damages rather than to try and mitigate damages.

33. S3H's also engaged Susan Stalzer to "compare" infringements. Ms. Stalzer has no experience in either the forensics industry or has never served as an expert witness.

34. S3H only sues in small number of targeted judicial districts where the income of the defendants had high net worth. Even within those districts, defendants were isolated based on the high net worth of the districts.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES and COUNTERCLAIM

35. S3H also uses "infringement stacking" to "infringement delay" to amplify damages rather than to try and mitigate damages. S3H has never sent a DMCA notice to the IP address of a purported infringing defendant.

36. S3H, like Malibu Media, also promotes the wide distribution of "free" versions of their movies on such sites as "Pornhub" whose marketing model is that the consumer can watch "free porn".

37. S3H also distributes DVD's. These DVD's are compilations of the shorter clips that are at issue in these infringements. These DVD's oddly enough do not indicate the owner of the films is "Strike 3 Holdings". These DVD's also have the "copyright warning notice" at the beginning of the films, which, oddly enough, is not present on the videos on the website of Vixen, Blacked, and Tushy.

## COUNT I

## DECLARATION OF NON-INFRINGEMENT

38. John Doe realleges paragraphs 1-37 above as fully set forth herein.

39. A case and controversy exists between S3H and John Doe regarding the alleged infringement of the works that S3H allegedly owns.

40. S3H alleges that John Doe has infringed 53 copyrighted works as attached to their complaint as Exhibit A. These works are graphic pornography that is marketed under the Vixen, Tushy, and Blacked website brands.

41. John Doe did not infringe the 53 allegations of infringement, or any works marketed under the Vixen, Tushy, and Blacked websites. John Doe has not infringed any of S3H's rights under 17 U.S.C. § 106 nor has John Doe infringed any of S3H's rights under 17 U.S.C. § 501.

///

///

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES and COUNTERCLAIM

42.  John Doe requests that the Court enter a judgment of non-infringement as to the works that S3H alleges John Doe to have infringed.

43.  Absent a declaration of non-infringement John Doe has an objectively reasonable apprehension of becoming the target of another lawsuit on the claims alleged here, or similar claims by this Plaintiff.

44.  Dismissal of this lawsuit without prejudice is inadequate to vindicate John Doe's rights.

45.  John Doe is entitled to a declaratory judgment of non-infringement, to John Doe' costs and attorneys' fees as a prevailing party pursuant to 17 U.S.C. § 505 and to such other and further relief as may be appropriate.

**JOHN DOE'S PRAYER FOR RELIEF**

John Doe respectfully prays and judgment entered as follows:

A. A declaration and entry of judgment that S3H claim for infringement be denied in their entirety and take nothing;

B. John Doe is the prevailing party under the Copyright Act;

C. John Doe be entitled to statutory attorney fees under the Copyright Act;

D. John Doe  be entitled to costs of suit; and

E. John Doe be entitled to any other relief that this Court may allow.

May 11, 2020     LAW OFFICES OF DOUGLAS JOSEPH ROSNER

/s/ Douglas J. Rosner

By:   DOUGLAS J. ROSNER
SBN 094466
2625 Townsgate Road, Suite 330
Westlake Village, California 91302
Telephone No. (818) 501-8400
email: rosnerlaw@earthlink.net
Attorney for internet subscriber
assigned IP address 75.84.181.123

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES and COUNTERCLAIM

Page 20 of 20