Douglas J. Rosner, ESQ., SBN 094466
rosnerlaw@earthlink.net
LAW OFFICES OF DOUGLAS JOSEPH ROSNER
2625 Townsgate Road, Suite 330
Westlake Village, California 91361
Telephone No. (818) 501-8400
Facsimile No.: (818) 880-4485
Attorney for Defendants identified as IP Subscriber address 75.84.181.123 and John Doe II

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JOHN DOE subscriber assigned IP address 75.84.181.123 and JOHN DOE II,<br><br>　　　　　Defendants.<br>_____<br>JOHN DOE subscriber assigned IP address 75.84.181.123,<br><br>　　　　　Cross-complainant,<br><br>vs.<br><br>STRIKE 3 HOLDINGS, LLC, and ROES 1-30, inclusive.<br><br>　　　　　Cross-defendant.<br>_____ | Case No. 2:19-cv-10674-TJH (SPx)<br>*Assigned to the Hon. Terry J. Hatter Jr.*<br><br>Reply to Response to Notice of Intent to Oppose Ex-parte Application for Leave to File First Amended Complaint under Seal (ECF No. 29)<br><br>[Declaration of Douglas J. Rosner filed concurrently] |

Defendant, JOHN DOE subscriber assigned IP address 75.84.181.123 ("John Doe 1") replies to Plaintiff's Response to Notice of Intent to Oppose Ex-parte Application for Leave to File First Amended Complaint as follows:

---

REPLY TO RESPONSE TO NOTICE OF INTENT TO OPPOSE EX-PARTE APPLICATION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT UNDER SEAL (ECF No. 29)　　　　　　　　　　　　　　　　　　　　Page 1 of 6

## I. Introduction.

Plaintiff moved for an ex-parte motion, without a meet and confer, and filed documents under seal. (ECF No. 26.) As Defendant did not know if this Court would immediately rule on the motion, Defendant then asked this Court for a briefing schedule. (ECF No. 28.)

A briefing schedule is required as Plaintiff seeks, under Rules 15 and 41, to dismiss a party by filing their First Amended Complaint ("FAC").

## II. Plaintiff has failed to meet and confer.

Plaintiff is required to first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution at least ten (10) days prior to the filing of the motion. (CD. Cal. L.R. 7-3.) Plaintiff did not. (See Rosner Dec. ¶¶ 3-6.)

## III. John Doe subscriber assigned IP address 75.84.181.123, Does Not Object to a Sealing Order.

John Doe 1 agrees that any name defendants or third parties connected with the alleged Defendants should be referred to as "John Doe 1", "John Doe 2", etc. The reason being clear from the salacious nature of the copyrighted works and the respect for the privacy of the defendants who are not infringers of these works.

## IV. Under Rule 41(a)(2) the First Amended Complaint is procedurally improper.

The Plaintiff in filing the FAC is attempting to first dismiss a party under Rule 15 and then to add another party. As to dismissal of John Doe 1, this is improper.

///

///

Where a responsive pleading has been filed, as here, Rule 41 governs a motion to dismiss entire parties. Rule 41(a)(2) requires a court order when the Defendant has filed an answer. (*See Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 687 (9th Cir. 2005).)

> "[Rule 41] … allows the dismissal of all claims against one defendant, so that a defendant may be dismissed from the entire action … Nothing in the case law suggests that Rule 41(a) extends to the voluntary withdrawal of individual claims against a defendant remaining in the case …" (*Id.*, 687.)

*Hells Canyon* further states:

> " Federal Rule of Civil Procedure 15(a) is the appropriate mechanism '[w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants.' " (*Id.*, 688.)

In using Rule 15 and trying to avoid Rule 41(a)(2), Plaintiff has improperly attempted to dismiss John Doe 1 from this Complaint. The FAC should be stricken.

In their response Plaintiff relies on *Edmond v. Kindred Healthcare Operating Inc*. 2016 WL 7176566 (2016) to show that it has an absolute right to amend their Complaint after an answer is filed pursuant to Fed. R. Civ. P. 15(a)(1)(B). (ECF No. 29, 3:4-7.) But, reliance on *Edmond* is inapposite. *Edmond* concerns adding a defendant to destroy diversity, but here, the issue is to dismiss John Doe 1. It is improper to remove a defendant under Rule 15.

///
///
///

---

Further, Plaintiff's absolute right to amend its complaint is limited. " ... a plaintiff has an absolute right to amend his complaint once *before* a responsive pleading has been filed and need not seek leave of court to do so." (Fed.R.Civ.P. 15(a). *Galustian v. Peter*, 591 F.3d 724, 730 (2010.) ) Here an answer has been filed and Plaintiff no longer has an absolute right to amend.

**V.  If Rule 15 applies to the Dismissal of John Doe 1, then the Dismissal of John Doe 1 operates as an adjudication on the merits under the two dismissal rule.**

This case was brought earlier in Florida State Court. (*See Fl. Compl*. ECF 14-3 pgs. 4-9.) John Doe 1 moved to quash the complaint and Strike 3 responded voluntarily dismissing the action. (*See Fl. Motion* ECF 16-3.) The earlier Florida case clearly involves copyright claims.

Now Plaintiff, using Rule 15, seeks to dismiss John Doe 1 again by improperly amending John Doe 1 out of the pleading. If this is accepted, then this should be characterized by this Court as a dismissal of John Doe 1 with prejudice. (*See* FRCP 41(a)(1)(B).)

> "… if the plaintiff previously dismissed any federal or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." (*see Commercial Space Management Co. v. The Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999)) regarding the "two dismissal rule"; (*see also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Development Corp*. (9th Cir. 1991) 933 F.2d 724, 726 - interplay between state court action and subsequent federal lawsuit.)

///

///

---

REPLY TO RESPONSE TO NOTICE OF INTENT TO OPPOSE EX-PARTE APPLICATION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT UNDER SEAL (ECF No. 29)                                                                       Page 4 of 6

## VI. Conclusion

Now, it is clear that Plaintiff does not want John Doe 1 in this case. Rather, Plaintiff now believes it is John Doe 2's interest in a very common hobby that is the sole link to the alleged infringements. Whether this is a sufficient pleading under *Twombly/Iqbal* is yet to be determined.

What is now important is that the pleadings be properly presented so that John Does 1 claim of Declaration of Non-infringement maybe properly adjudicated. (*See* Medimmune, Inc. v. Genentech, Inc., (2007) 549 U.S. 118; see also *Hewlett-Packard Co. v. Acceleron LLC* (Fed. Cir. 2009) 587 F.3d 1358, 1362 "Guerrilla-like, the [copyright] owner attempts …[copyright] enforcement with scare-the-customer …tactics".)

A Rule 15 dismissal fails to protect the right of John Doe 1 to have his claims adjudicated. For the sake of case efficiency John Doe 1 offers to Plaintiff the following:

● As to Plaintiff's Claim of Non-Infringement against Defendant John Doe 1 a stipulation of dismissal with prejudice;

● As to Defendant John Doe 1's Counterclaim for Declaration of Non-infringement, a stipulation to enter on behalf of Defendant John Doe 1 a judgment of Non-infringement. This will also resolve John Doe 1's counterclaim of declaratory relief.

///
///
///
///

1 | Now that it appears that Plaintiff does not want Defendant John Doe 1 in this case. This should require an entry of non infringement for Defendant John Doe 1, not a vague, quasi-dismissal under Rule 15.

DATED: May 26, 2020

LAW OFFICES OF DOUGLAS JOSEPH ROSNER

/s/ Douglas J. Rosner

By: DOUGLAS J. ROSNER
SBN 094466
2625 Townsgate Road, Suite 330
Westlake Village, California 91302
Telephone No. (818) 501-8400
email: rosnerlaw@earthlink.net
Attorney for internet subscriber
assigned IP address 75.84.181.123
and JDS

---

REPLY TO RESPONSE TO NOTICE OF INTENT TO OPPOSE EX-PARTE APPLICATION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT UNDER SEAL (ECF No. 29)                                                    Page 6 of 6