Lincoln D. Bandlow, Esq. (CA #170449)
lincoln@bandlowlaw.com
**Law Offices of Lincoln Bandlow, P.C.**
1801 Century Park East, Suite 2400
Los Angeles, CA  90067
Phone: (310) 556-9680
Fax: (310) 861-5550

*Attorney for Plaintiff*
*Strike 3 Holdings, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>                   Plaintiff/Counter-<br>                   Defendant,<br><br>vs.<br><br>JOHN DOE Subscriber Assigned<br>IP Address 75.84.181.123,<br><br>                   Defendant/Counter-<br>                   Plaintiff;<br><br>And Related Counterclaim. | Case No.: 2:19-cv-10674-TJH-SP<br><br>**PLAINTIFF'S/COUNTER-DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE** |

1

1    Plaintiff/Counter-Defendant Strike 3 Holdings, LLC ("Strike 3") respectfully

2 submits the following Response to the Order to Show Cause ("OSC") issued by this

3 Court on September 9, 2020.  Dkt. No. 37.

4    Strike 3 initially identified John Doe Subscriber Assigned IP Address

5 75.84.181.123 ("John Doe 1") as the placeholder defendant in this action since,

6 before early discovery occurred, he was the only person who *could* be identified

7 as (1) existing and (2) having sufficient access to the IP address during the

8 infringement.  *See Malibu Media, LLC v. Doe*, No. 13-365, 2014 WL 7188822,

9 *6–9 (D. Md. Dec. 16, 2014) (Grimm, J.).  After Strike 3 obtained John Doe 1's

10 identity pursuant to a court-authorized subpoena, Strike 3 complied with the Ninth

11 Circuit's direction in *Cobbler Nevada LLC v. Gonzalez*, 901 F.3d 1142 (9th Cir.

12 2018), conducted a further investigation based on the information provided in the

13 ISP's subpoena response, and determined that a member of John Doe 1's

14 household also existed and had sufficient access to the IP address (hereinafter

15 "John Doe 2").  Accordingly, Strike 3 informed John Doe 1's counsel of Strike 3's

16 intention to amend its complaint to identify John Doe 2 as the defendant and

17 remove John Doe 1 from this matter.  In addition, Strike 3 requested that John

18 Doe 1's counsel confirm (1) whether he also represented John Doe 2 and, if so,

19 (2) whether opposing counsel consented to an unredacted version of Strike 3's

20 First Amended Complaint (that would include John Doe 2's name and identifying

21 information no longer redacted) being filed under seal to protect John Doe 2's

22 privacy.  *See* Dkt. Nos. 33-2, 33-3, 33-4.  In response, John Doe 1 engaged in a

23 series of bad faith maneuvers, which ultimately resulted in the Court's entry of the

24 current OSC.

25    As the Court's OSC suggests, a mutual dismissal of Strike 3's claim against

26 John Doe 1, and John Doe 1's Counterclaim against Strike 3, is a reasonable

27 resolution of this dispute.  *See* Fed. R. Civ. P. 41(a)(1)(A)(ii); *see also* Fed. R.

28

Civ. P. 1 (requiring "the court and the parties" to construe and administer the rules of civil procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding").  Upon receiving the OSC, Strike 3 suggested to opposing counsel that the parties take up the Court's invitation to file such a mutual dismissal in lieu of filing dueling responses to the OSC, but John Doe 1 refused.  Instead, John Doe 1—who, ironically, has previously cried wolf that *Strike 3*'s goal is to extract a settlement, *see* Dkt. No. 14—sought to leverage his Counterclaim on behalf of John Doe **#1** to secure a release of Strike 3's claim against John Doe **#2** and a windfall five-figure payment for John Doe 1's *unsuccessful* motion to quash/dismiss.  Declaration of Lincoln D. Bandlow ¶¶ 5, 11, attached hereto as Exhibit "A."[1]  Strike 3 cannot agree to those unconscionable terms.  Indeed, although Strike 3's preliminary investigation indicates that John Doe 2 is the likely infringer, a dismissal *with prejudice* of the infringement claim against John Doe 1 is unwarranted, and would only multiply proceedings here since John Doe 1's clear intent is to utilize such a dismissal to seek attorneys' fees and costs under 17 U.S.C. § 505.

Strike 3 agrees with the Court that this matter should be dismissed given the fact that, at this juncture, it does not appear that John Doe 1 is the likely infringer and, after the Court discharges the OSC and dismisses this case, Strike 3 will be filing a separate suit against John Doe 2 for the infringements at issue here. However, John Doe 1's Answer prevents Plaintiff from filing a notice of dismissal, Fed. R. Civ. P. 41(a)(1)(i), and John Doe 1's Counterclaim prevents this Court from dismissing Plaintiff's Complaint without also ruling on the merits of

---

[1] Strike 3 does not offer John Doe 1's settlement demands to prove or disprove liability, Fed. R. Evid. 408(a), but to demonstrate John Doe 1's bad faith. Fed. R. Evid. 408(b); *see Milton H. Greene Archives, Inc. v. Julien's Auction House LLC*, 345 Fed. Appx. 244, 247 (9th Cir. 2009); *Gunchick v. Fed. Ins. Co.*, No. 14-1162, 2015 WL 1781467, at *2 (C.D. Cal. 2015).

1    John Doe 1's counterclaim (*i.e.,* allowing John Doe 1's "counterclaim [to] remain

2    pending for adjudication").  Fed. R. Civ. P. 41(a)(2).

3        Accordingly, Strike 3 respectfully submits that (1) the Court should dismiss

4    Strike 3's complaint, without prejudice, and thereafter, independently adjudicate

5    and dismiss John Doe 1's counterclaim, without prejudice, for lack of a case or

6    controversy; and (2) Strike 3 has no intention to move to file a First Amended

7    Complaint under seal in this matter but, rather, will file a separate action against

8    John Doe 2 and, having received John Doe 2's request that we do so, Strike 3 will

9    seek to file the complaint in that action under seal.[2]

10   Dated: September 25, 2020            Respectfully submitted,

11

12                                       By: _____

13                                       Lincoln D. Bandlow, Esq.

14                                       *Attorney for Plaintiff/Counter-defendant*
                                         Strike 3 Holdings, LLC

15

16

17

18

19

20

21

22

23

24

25

26   _____
     [2] To be clear, Strike 2 intends to file on the public record a complaint against
27   John Doe 2 in which John Doe 2's name and identifying information are redacted
     and then seek to have the unredacted version of that complaint (as well as an
28   unredacted summons and unredacted return of service) filed under seal.

Plaintiff's/Counter-Defendant's Response to Order to Show Cause

Case No. 2:19-cv-10674-TJH-SP