1  Douglas J. Rosner, ESQ., SBN 094466
   rosnerlaw@earthlink.net
2  LAW OFFICES OF DOUGLAS JOSEPH ROSNER
   2625 Townsgate Road, Suite 330
3  Westlake Village, California 91361
   Telephone No. (818) 501-8400
4  Facsimile No.: (818) 880-4485
   Attorney for Defendants identified as IP Subscriber
5  address 75.84.181.123 and JDS

6

7                    UNITED STATES DISTRICT COURT

8          CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

9

10  STRIKE 3 HOLDINGS, LLC,              )  Case No. 2:19-cv-10674-TJH (SPx)
                                         )  *Assigned to the Hon. Terry J. Hatter*
11                      Plaintiff,       )  *Jr.*
            vs.                          )
12                                       )  Cross-complainant JOHN DOE
    JOHN DOE subscriber assigned IP      )  subscriber assigned IP address
13  address 75.84.181.123,               )  75.84.181.123's response to order to
                                         )  show cause as to why his
14                      Defendants.      )  counterclaim should not be dismissed
    _____     )  for lack of a case or controversy.
15                                       )
    JOHN DOE subscriber assigned IP      )  Hearing TBD
16  address 75.84.181.123,               )  Time: Under Submission
                                         )  Place: Courtroom #9B
17                      Cross-complainant, )  Judge: Hon. Terry J. Hatter
            vs.                          )
18                                       )
    STRIKE 3 HOLDINGS, LLC, and          )
19  ROES 1-30, inclusive.                )
                                         )
20                      Cross-defendant. )
    _____     )
21

22       Cross-complainant  JOHN DOE subscriber assigned IP address 75.84.181.123

23  ("Cross-complainant" or "John Doe 1") submits his response to the Court's order to

    show cause as to why his counterclaim should not be dismissed for lack of a case or
24
    controversy.
25

26  _____

27  CC JOHN DOE RESPONSE TO OSC AS TO WHY HIS COUNTERCLAIM SHOULD

28  NOT BE DISMISSED FOR LACK OF A CASE OR CONTROVERSY.        Page 1 of 9

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. Introduction**

On September 9, 2020, the Court entered an order to show cause why Cross-complainant John Doe 1's counterclaim should not be dismissed for lack of a case or controversy.

John Doe 1 seeks to be free from S3H's further litigation in this matter. As such John Doe 1 will, if permitted by this Court, file a motion for judgment on the pleadings on his Counterclaim for Cross-complainant John Doe subscriber assigned IP address 73.225.38.130 for Declaration of Non-Infringement. (Counterclaim ECF No. 24.) "Counterclaim"

Importantly, Strike 3 Holdings, LLC "S3H" has filed two separate actions in its attempt to obtain from John Doe 1 a settlement, first in Miami Florida State Court, then in this Court. After S3H voluntarily dismissed its action in Florida, due to John Doe 1 objecting to Florida State Court's jurisdiction, S3H then filed an action in this Court. To support its actions, S3H has claimed to have sophisticated technology that could identify the infringer. This is clearly false. Indeed S3H is conducting a fishing expedition.

It is the plaintiff S3H that controls the filing of the Complaints. Though S3H has stated that John Doe 1 did *not* do it, this does not have the same effect as a judgment of non-infringement. John Doe 1's right is to not be sued by S3H again on the same claim.

As to the dismissal of John Doe 1, there are two scenario's:

● #1. S3H Dismisses the Complaint with prejudice. Then John Doe 1 will dismiss their counterclaim and the operative effect is that John Doe 1 is a non infringer;

CC JOHN DOE RESPONSE TO OSC AS TO WHY HIS COUNTERCLAIM SHOULD NOT BE DISMISSED FOR LACK OF A CASE OR CONTROVERSY.        Page 2 of 9

● #2. S3H Dismisses the Complaint without prejudice. As a result John Doe 1 will continue the counterclaim and will seek a judgment of non-infringement.

John Doe 1 has made several attempts to obtain a dismissal of the Complaint with prejudice:

● On April 14, 2020, John Doe 1 filed a Declaration of John Doe subscriber assigned IP address 75.84.181.123 Notice of Non-Infringement by JOHN DOE subscriber assigned IP address 75.84.181.123.  (Rosner Dec. ¶ 3.)

● On or about May 28, 2020, Douglas J. Rosner served upon Lincoln D. Bandlow an Offer of Judgment under Rule 68; (Rosner Dec. ¶ 4.)

● On or about June 4, 2020, Douglas J. Rosner served upon Lincoln D. Bandlow a Joint Stipulation to Dismiss John Doe 1 from the Complaint; and as to the Counterclaim, Enter Judgment in Favor of John Doe 1 for Non-Infringement FRCP 54(b); (Rosner Dec. ¶ 5.)

● On September 11, 2020, in response to Mr. Bandlow's request to discuss this matter, Douglas J. Rosner sent to Bandlow an email seeking clarification on whether S3H will be further pursuing John Doe 1 or John Doe 2 or both.  Also, Mr. Rosner proposed a resolution requesting a dismissal with prejudice of the Complaint and payment of attorneys fees and costs and a promise to not pursue John Doe 2. (Rosner Dec. ¶ 6.)

● On September 14, 2020, Mr. Bandlow rejected the proposal blaming John Doe 1 for incurring the attorney fees. Further indicating that it will pursue John Doe 2.  (Rosner Dec. ¶ 7.)

● On or about May 9, 2010, Mr. Bandlow sent to Mr. Rosner an email stating after further investigation and evaluation was conducted, it was S3H intention to proceed against [John Doe 2]. (Rosner Dec. ¶ 8.)

CC JOHN DOE RESPONSE TO OSC AS TO WHY HIS COUNTERCLAIM SHOULD NOT BE DISMISSED FOR LACK OF A CASE OR CONTROVERSY.      Page 3 of 9

1    ● On September 15, 2020, Mr. Bandlow seeking clarification whether John

2  Doe 1 will consent to Strike 3 dismissing its complaint against him, and whether John

3  Doe 1 would dismiss his counterclaim against Strike 3. (Rosner Dec. ¶ 10.)

4    ● On September 15, 2020, Mr. Rosner responded, "John Doe 1 is prepared to

5  dismiss the counterclaim against Strike 3 ONLY if Strike 3 dismisses WITH

6  prejudice its complaint against John Doe 1." (Rosner Dec. ¶ 11.)

7    ● On September 16, 2020, after stating that Strike 3 intended to proceed

8  against John Doe 2 and offered to dismiss the Complaint with prejudice so long as

9  John Doe 1 does the same as to his counterclaim, with both parties agreeing to bear

10  its own costs and attorney's fees. (Rosner Dec. ¶ 12.)

11    ● On September 17, 2020, Mr. Rosner via email countered stating that John

12  Doe 1 was prepared to dismiss the counterclaim with prejudice against Strike 3

13  ONLY if Strike 3 dismisses WITH prejudice its complaint against John Doe 1 and

14  pays to John Doe 1 the sum of $10,000 as attorneys fees and cost. (Rosner Dec. ¶ 13.)

15    As to the Complaint and contrary to S3H's allegations, Plaintiff only agreed to

16  dismiss its case against John Doe 1 without prejudice, in the end only to mutually

17  dismiss the complaint and counterclaim with prejudice with each party bearing their

18  own costs and attorneys fees. Thus, S3H seeks to walk away from this matter against

19  John Doe 1 and resume with an action against John Doe 2,  an alleged infringer in the

20  home of John Doe 1.

21    In summary, S3H admittedly got it wrong,  and now seeks to walk away

22  without any accountability. Thus, sue whom they want and when they get it wrong,

23  then leave it to the defendant to pay for hiring an attorney and suffer the

24  consequences of wrongly being named a party in an action. John Doe 1 respectfully

25  requests that this Court declare that he is not an infringer.

26  _____

27  CC JOHN DOE RESPONSE TO OSC AS TO WHY HIS COUNTERCLAIM SHOULD

28  NOT BE DISMISSED FOR LACK OF A CASE OR CONTROVERSY.    Page 4 of 9

**II. Procedural Summary**

On October 15, 2019, Strike 3 filed against John Doe 1, its first of two complaints in the County Court in and for Miami-Dade County Florida ("Florida Action"). The Florida Action claims copyright infringement against John Doe 1 and seeks a "bill of discovery" to obtain the name and address of John Doe 1. John Doe 1 obtained counsel in Florida, challenged venue and jurisdiction and S3H dismissed that case.  Next S3H pursues John Doe 1 in California.

On or about December 17, 2019, S3H files this copyright infringement action against Defendant John Doe subscriber assigned IP address 75.84.181.123 ["John Doe 1"]. (See Complaint ECF No. 1.)

On May 11, 2020, John Doe 1 filed a counterclaim against S3H, seeking a declaration that he did not infringe S3H's copyright.

On June 1, 2020, S3H filed a motion to dismiss the counterclaim.  (Mot. to Dismiss ECF No. 33.)

On June 1, 2020, Mr. Bandlow filed a motion to dismiss John Doe 1's counterclaim. (See Opp. to Counterclaim  ECF No. 33)

Mr. Rosner filed his opposition on June 8, 2020.

Mr. Bandlow filed his reply on June 15, 2020 (See Reply to Opp. to Counterclaim  ECF No. 35)

On September 9, 2020, the Court filed this Order that John Doe 1 shall show cause, if he has any, as to why his counterclaim should not be dismissed for lack of a case or controversy.  (Mot. to Dismiss ECF No. 33.)

///

///

///

CC JOHN DOE RESPONSE TO OSC AS TO WHY HIS COUNTERCLAIM SHOULD NOT BE DISMISSED FOR LACK OF A CASE OR CONTROVERSY.      Page 5 of 9

**III. Legal Arguments**

**A.  John Doe 1 opposes S3H's Motion to Dismiss Counterclaim by Cross-complainant for Declaration of Non-Infringement**.

John Doe 1 refers to his Opposition to Plaintiff's Motion to Dismiss Counterclaim by Defendant John Doe Subscriber Assigned IP Address 75.84.181.123 for Declaration of Non-Infringement. (ECF Doc. 34.)  Most important, *Medimmune, Inc. v. Genentech, Inc.* 549 U.S. 118 (2007) supports John Doe 1's position that because S3H failed to dismiss with prejudice the Complaint, this Court may retain jurisdiction to enter a judgment of non-infringement and forever bar litigation over the claims raised against John Doe 1 in the Complaint.

**B.  The Technology Used to Support S3H's claim is flawed.**

Included with this response is the declaration of Dr. Kal Toth.  Dr. Toth has been an expert retained by other "John Doe" defendants on a number of BitTorrent cases both with Malibu Media, who has filed an estimated 10,000 lawsuits since 2012, and on Strike 3 Holdings, LLC, who has filed an estimated 3,000 lawsuits since 2017.

Apparently Strike 3 Holdings, LLC starting using the declaration of David Williamson as a basis for claiming that the VXN system can accurately identify an infringer when they began filing cases in state cases in Florida There is no evidence supporting such a claim and this case is proof.  S3H first claimed it was the subscriber who infringed, then S3H now claims it is the roommate. Perhaps later in this case, they will then claim another as the infringer.

Notably, S3H relies on the Maxmind geolocation software to identify the location of the alleged infringer.  Even S3H's general counsel,  Emilie Kennedy, attests to the veracity of the Maxmind software. (Decl. Emilie Kennedy ECF Doc. 9-2

¶¶ 4-8.)  But, as Dr. Toth shows, Maxmind now returns Newhall as the location of the alleged infringer, not Valencia (id.¶ 5.) as declared by Emile Kennedy, in her declaration filed on January 16, 2020. (Decl. Dr. Kal Toth ¶ 5.k.)

S3H supports its claim on mere probabilities, not predictabilities.  S3H appears not to care when it gets it wrong.  The resulting error has a real effect on the people improperly sued.

**C. S3H Has Admitted That John Doe 1 Was Not the Infringer, and Now Seeks to Name in its FAC as the Infringer Another Person in John Doe 1's Home.**

S3H knows it lacks evidence to prevail against John Doe 1. Most revealing is its attempt to file the First Amended Complaint "FAC." (FAC ECF Doc. 27-1.)  S3H only named Defendant, John Doe 2, removing from the FAC, Defendant John Doe 1. Indeed it was the intention of S3H not to pursue John Doe 1 in this action. Importantly, this still leaves open the question whether S3H will still pursue its claim against John Doe 1. (ECF Doc. 1.)  Finally, in his letter of May 19, 2020, after John Doe 1 filed his Answer and Counterclaim,  Mr. Bandlow clarified his otherwise ambiguous and unclear statements contained in a prior email of May 9, 2020 (Rosner Dec. ¶ 8.) , stating:  "...based on the ISP's subpoena response, Strike 3 no longer intended to assert a claim of infringement against [John Doe 1]. (Rosner Dec. ¶ 9.)

Accordingly, the only way to forever free John Doe 1 from the claims in this Complaint is a Declaration of Non-Infringement.  All other attempts to finally free John Doe 1 from these claims have failed.

**D.  Despite Numerous Attempts by John Doe 1. to Resolve this Matter, S3H Has Failed to Agree to a Resolution.**

John Doe 1 has made several attempts to obtain a dismissal of the Complaint with prejudice:

CC JOHN DOE RESPONSE TO OSC AS TO WHY HIS COUNTERCLAIM SHOULD NOT BE DISMISSED FOR LACK OF A CASE OR CONTROVERSY.       Page 7 of 9

1  On April 14, 2020, John Doe 1 filed with this Court and served upon S3H a
2  Notice of Non-Infringement by JOHN DOE 1. (Dec. of John Doe 1, ECF No. 17-1.)

3  S3H admits that it should have dismissed the complaint against John Doe 1
4  once it learned that John Doe 1 was not the infringer. (Mot. to Dismiss  ECF No. 33-1
5  17:1-5.)  Still S3H has still failed to so.

6  On or about May 9, 2020, Mr. Bandlow sent to Mr. Rosner an email advising
7  Mr. Rosner that the ISP had responded resulting in a further investigation and
8  evaluation being conducted.  Mr. Bandlow never stated it was S3H's intention to
9  dismiss the complaint as to John Doe 1, only that they intend on proceeding against
10 John Doe 2. (Dec. of Rosner ¶3.) If S3H were going to dismiss the complaint against
11 John Doe 1 they should have or stated their intention to do so.

12 On or about May 13, 2020, Mr. Rosner requested that S3H stipulate to dismiss
13 with prejudice the complaint against John Doe 1.  (Dec. of Rosner ¶3.) Mr. Bandlow
14 never agreed to any stipulation to dismiss with prejudice. (Dec. of Rosner ¶4.)

15 On May 28, 2020, John Doe 1 served upon S3H an Offer of Judgment under
16 Rule 68. (Dec. of Rosner ¶5.)

17 On June 4, 2020, John Doe 1 sent to S3H via U.S. and Email a proposed Joint
18 Stipulation to Dismiss John Doe 1 from the Complaint; and as to the Counterclaim,
19 Enter Judgment in Favor of John Doe 1 for Non-Infringement FRCP 54(b). (Dec. of
20 Rosner ¶6.)

21 Importantly, in its motion, S3H is mistaken regarding the contents of the email
22 Mr. Bandlow sent to Mr. Rosner.  Mr. Bandlow states:

23 "On May 9, 2020, Strike 3's counsel wrote to Doe's counsel and
24 informed him of Strike 3's *intention to proceed not against Doe . . .* ".
25 (Mot. to Dismiss 10:18-19, ECF No. 33-1.) [Emphasis added]

26 
27 CC JOHN DOE RESPONSE TO OSC AS TO WHY HIS COUNTERCLAIM SHOULD
28 NOT BE DISMISSED FOR LACK OF A CASE OR CONTROVERSY.      Page 8 of 9

This email does *not* state that SH3's intention was not to proceed against John Doe 1.  At best this email is very confusing and incomplete.  Further, the evidence does not support Mr. Bandlow contention that Mr. Rosner, when he filed the Answer and Counterclaim, knew that it the intention of S3H's not to proceed against S3H.  Indeed, if Mr. Rosner knew that S3H was going to dismiss the complaint against John Doe 1, there would be no need to respond to a pleading.

**IV. Conclusion**

For the foregoing reasons, John Doe 1 respectfully requests that the motion to dismiss filed by S3H be denied.

Dated: September 25, 2020

LAW OFFICES OF DOUGLAS JOSEPH ROSNER

/s/ Douglas J. Rosner

By:      DOUGLAS J. ROSNER
SBN 094466
2625 Townsgate Road, Suite 330
Westlake Village, California 91302
Telephone No. (818) 501-8400
email: rosnerlaw@earthlink.net
Attorney for internet subscriber
assigned IP address 75.84.181.123

CC JOHN DOE RESPONSE TO OSC AS TO WHY HIS COUNTERCLAIM SHOULD NOT BE DISMISSED FOR LACK OF A CASE OR CONTROVERSY.        Page 9 of 9