Lincoln D. Bandlow, Esq. (CA #170449)
lincoln@bandlowlaw.com
**Law Offices of Lincoln Bandlow, P.C.**
1801 Century Park East, Suite 2400
Los Angeles, CA  90067
Phone: (310) 556-9680
Fax: (310) 861-5550

*Attorney for Plaintiff*
*Strike 3 Holdings, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | Case No.: 2:19-cv-10674-TJH-SP |
| Plaintiff/Counter-Defendant, | **PLAINTIFF'S/COUNTER-DEFENDANT'S OPPOSITION BRIEF IN RESPONSE TO THE RESPONSE TO ORDER TO SHOW CAUSE FILED BY JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 75.84.181.123** |
| vs. | |
| JOHN DOE Subscriber Assigned IP Address 75.84.181.123, | |
| Defendant/Counter-Plaintiff; | |
| And Related Counterclaim. | |

1

Plaintiff's/Counter-Defendant's Opposition Brief in Response to the Response To Order to Show Cause Filed by John Doe Subscriber Assigned IP Address 75.84.181.123

Case No. 2:19-cv-10674-TJH-SP

Plaintiff/Counter-Defendant Strike 3 Holdings, LLC ("Strike 3") respectfully submits the following Opposition Brief in Response to the Response to Order to Show Cause filed by John Doe Subscriber Assigned IP Address 75.84.181.123 ("John Doe 1's Response").  Dkt. No. 39.

## I.    INTRODUCTION

John Doe 1's Response entirely fails to substantively address the subject of the Court's Order to Show Cause ("OSC"):  whether there is a case or controversy providing standing for his counterclaim for a declaration of non-infringement.  *See* Dkt. No. 37, at 2–3.  This failure is all the more stunning because, if the Court dismisses Strike 3's claim without prejudice—as it should[1]—John Doe 1 will be the only party invoking federal jurisdiction.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *see Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014); *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).

Instead, John Doe 1's response—a submission of almost 200 pages—boils down to nothing more than an irrelevant gripe concerning software that Strike 3 did *not even use* in this matter.  *Compare* Dkt. Nos. 39-3, Dkt. 39-4  (Dr. Toth's Expert

---

[1] "In determining whether dismissal without prejudice is appropriate, district courts in this circuit have considered the following factors: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay and lack of diligence by the moving party in prosecuting the action; (3) insufficient explanation of the need for dismissal; and (4) the fact that the opposing party has moved for summary judgment." *Thompson v. Janssen Pharm., Inc.*, No. 16-2628, 2017 WL 5135548, at *5 (C.D. Cal. Oct. 23, 2017), *aff'd*, 756 Fed. Appx. 740 (9th Cir. 2019) (citations omitted).  All factors weigh in favor of a dismissal without prejudice.  First, although opposing counsel has expended effort and expense in this litigation, none of it has been for trial as the parties are still in the pleading stage, and John Doe 1 has lost on both his motion to quash and motion to dismiss.  Second, Strike 3 has been diligent in its prosecution of this case; it is John Doe 1 that has filed two failed motions and a dilatory counterclaim.  Third, both parties agree that Strike 3's claim against John Doe 1 should be dismissed, they only dispute whether that dismissal should be with or without prejudice.  Finally, John Doe 1 has not moved for summary judgment.

Plaintiff's/Counter-Defendant's Opposition Brief in Response to the Response To Order to Show Cause
Filed by John Doe Subscriber Assigned IP Address 75.84.181.123

Case No. 2:19-cv-10674-TJH-SP

Reports on NARS) *with* Dkt. No. 9-2 (utilizing VXN Scan). Although the Court will eventually need to address the question of the admissibility of evidence gathered by the software Strike 3 actually relied upon (if it does not dismiss the claim and counterclaim in this action), those questions are clearly not the subject of the Court's OSC and have no bearing on whether John Doe 1 has standing to assert his counterclaim. Accordingly, Strike 3 will confine its opposition to those portions of John Doe 1's response that tangentially address the existence of a case or controversy.

## II.    ANALYSIS

### A.    *MedImmune* Does Not Support Finding that a Case or Controversy Exists for John Doe 1's Counterclaim

John Doe 1's fleeting reference to *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) misstates the holding of that decision. John Doe 1 posits that "because [Strike 3] failed to dismiss with prejudice the Complaint, this Court may retain jurisdiction to enter a judgment of non-infringement and forever bar litigation over the claims raised against John Doe 1 in the Complaint." Dkt. No. 39, at 6. Nothing in *MedImmune* supports this assertion. In fact, not only did *MedImmune* never discuss how a voluntary dismissal with or without prejudice affects the justiciability analysis, but as discussed in detail in Strike 3's motion to dismiss papers, *see generally* Dkt. No. 33-1, at 14–18, *MedImmune* holds that a party cannot meet their burden to show standing simply by claiming they are under a reasonable apprehension of suit.

Instead, "whether a declaratory judgment action presents an Article III controversy must be determined based on 'all the circumstances,' not merely on whether the declaratory judgment plaintiff is under a reasonable apprehension of suit." *Caraco Pharm. Labs., Ltd. v. Forest Labs., Inc.*, 527 F.3d 1278, 1288 (Fed.

Plaintiff's/Counter-Defendant's Opposition Brief in Response to the Response To Order to Show Cause
Filed by John Doe Subscriber Assigned IP Address 75.84.181.123

Case No. 2:19-cv-10674-TJH-SP

1  Cir. 2008) (quoting *MedImmune*, 549 U.S. at 127); *see also Ours Tech., Inc. v.*
2  *Data Drive Thru, Inc.*, 645 F. Supp. 2d 830, 834 (N.D. Cal. 2009).  However, the
3  only injury that John Doe 1 alleges in his counterclaim is that, because Strike 3
4  initially sued him as a placeholder defendant to obtain early discovery, he has an
5  "*objectively reasonable apprehension of becoming the target of another lawsuit* on
6  the claims alleged here, or similar claims by this Plaintiff."  Dkt. No. 24, at ¶ 43
7  (emphasis added).  John Doe 1's attempt to show standing based on this hypothetical
8  future injury plainly fails under *MedImmune*'s "all the circumstances" test, since it
9  ignores all Ninth Circuit case law regarding how BitTorrent infringement suits are
10  supposed to be litigated.

11      Although BitTorrent infringement suits "fit[] squarely within the tradition
12  of copyright enforcement," *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033,
13  1041 (9th Cir. 2018), the anonymity afforded by the BitTorrent protocol
14  (revealing only the user's IP address), along with the qualified privacy interest for
15  subscriber data created by the *Cable Communications Policy Act of 1984*
16  ("CCPA"), 47 U.S.C. § 551 *et seq.*, presents a unique technological obstacle.  The
17  only lawful way Strike 3—and all other copyright holders—have of directly
18  combating mass infringement is to discover the name of the person assigned the
19  IP address being used to commit the infringement, *Glacier Films*, 896 F.3d at
20  1036, and then determine whether it can further identify that person (or someone
21  else) as the infringer.  *Cobbler Nevada LLC v. Gonzalez*, 901 F.3d 1142, 1147
22  (9th Cir. 2018); *see Strike 3 Holdings, LLC v. Doe*, No. 18-2637, 2019 WL
23  935390, at *4 (E.D. Cal. Feb. 26, 2019) ("*Cobbler*[] did not disturb the Ninth
24  Circuit's decision in *Glacier Films*[.]").  Rightsholders can only do that by
25  obtaining court authorization to serve a subpoena on the ISP to identify the
26  subscriber, 47 U.S.C. § 551, *et seq.*, which first requires that suit be filed naming
27
28

Plaintiff's/Counter-Defendant's Opposition Brief in Response to the Response To Order to Show Cause
Filed by John Doe Subscriber Assigned IP Address 75.84.181.123

Case No. 2:19-cv-10674-TJH-SP

the subscriber as the placeholder defendant.  *See Malibu Media, LLC v. Doe*, No. 13-365, 2014 WL 7188822, at *6–9 (D. Md. Dec. 16, 2014) (Grimm, J.); *see also Strike 3 Holdings, LLC v. Doe*, No. 18-12585, 2020 WL 3567282, *7 (D.N.J. June 30, 2020) (observing that where Strike 3 "has sufficiently stated a viable claim of copyright infringement against the identified IP addresses and *its placeholder-defendant subscriber[;] Plaintiff should be provided with discovery to further assist it in identifying the underlying wrongdoer.*") (emphasis added).  As a result, courts across the country—including this Court—have adopted "sensible" and "practical" procedures to permit limited "early discovery" of a subscriber's identity so that these suits may either advance or be promptly dismissed.  *Glacier Films*, 896 F.3d at 1036, 1038, 1040.

That is exactly what happened in this case, and the only thing preventing Strike 3's claim against John Doe 1 from being promptly dismissed are John Doe 1's *own actions*.  *See* Fed. R. Civ. P. 41(a).  Strike 3 identified the subscriber as the placeholder defendant—as the only party it *could* identify as the defendant before early discovery occurred, *see Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020)—and sought limited early discovery so that it could complete its investigation to determine whether John Doe 1 (or someone else) could be further identified as the infringer, consistent with the Ninth Circuit's decision in *Cobbler*.  *See Strike 3 Holdings, LLC v. Doe*, No. 19-2552, 2019 WL 4855039, at *2 (S.D.N.Y. Oct. 2, 2019) ("Once in possession of Defendant's name and address, Plaintiff can investigate and confirm it has a good faith basis for believing it has found the infringing party."); *Strike 3 Holdings, LLC v. Doe*, No. 19-00167, 2019 WL 1865919, at *2 (N.D. Cal. Apr. 25, 2019).  After receiving the subscriber's identity, Strike 3 determined that another member of the household existed, had access to the IP address during the infringement, and based

Plaintiff's/Counter-Defendant's Opposition Brief in Response to the Response To Order to Show Cause
Filed by John Doe Subscriber Assigned IP Address 75.84.181.123

Case No. 2:19-cv-10674-TJH-SP

on that preliminary investigation, sought to amend its pleadings to assert its claim against John Doe 2 as the more likely infringer.  However, after Strike 3's counsel notified John Doe 1 of this intention as part of its meet-and-confer obligations for seeking from the Court permission to file an unredacted version of an amended pleading under seal, John Doe 1 ran into court and filed an Answer and Counterclaim to prevent Strike 3 from dismissing John Doe 1.

Strike 3 has never served process on John Doe 1 and has never made him an official party to the suit.  *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend.") (citations omitted).  John Doe 1 *made himself* a party to this action and asserted an affirmative claim based solely on his "apprehension" that he *might* be sued again sometime in the future.  ECF No. 24, at ¶ 43; *see also* ECF No. 39, at p.2 ("John Doe 1's right is to not be sued by S3H again on the same claim").  That is insufficient.  The Supreme Court has "repeatedly reiterated that threatened injury must be *certainly impending* to constitute injury in fact, and that [a]llegations of *possible* future injury are not sufficient."  *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (citations and internal quotation marks omitted) (emphasis original).  The "mere possibility that something might happen is too remote to keep alive a case as an active controversy."  *Foster v. Carson*, 347 F.3d 742, 748 (9th Cir. 2003); *Bland v. Edward D. Jones & Co., L.P.*, 375 F. Supp. 3d 962, 974 (N.D. Ill. 2019) ("Because Plaintiffs' allegations amount to little more than an avowal of their fear of litigation, the Court cannot conclude that they have alleged enough to invoke the Court's jurisdiction").  In short, John Doe 1 cannot satisfy his burden by

Plaintiff's/Counter-Defendant's Opposition Brief in Response to the Response To Order to Show Cause
Filed by John Doe Subscriber Assigned IP Address 75.84.181.123

Case No. 2:19-cv-10674-TJH-SP

pointing only to hypotheticals of what might occur someday *in the future* to show that a case or controversy exists *now*.

**B.    Strike 3's Refusal to Consent to a Dismissal with Prejudice is Reasonable and Does Not Create a Case or Controversy**

John Doe 1's response to the OSC dwells at length on negotiations that occurred between Strike 3 and John Doe 1 to dismiss this case—including an offer by Strike 3 to dismiss its claim *with* prejudice, with each party to bear their own fees and costs—but fails to explain what bearing that has on the standing analysis. *See Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1341 (Fed. Cir. 2008) (quoting *BP Chems. v. Union Carbide Corp.,* 4 F.3d 975, 980 (Fed. Cir. 1993)) ("[A]lthough a patentee's refusal to give assurances that it will not enforce its patent is relevant to the determination [on standing for declaratory judgement of non-infringement], it is not dispositive.").  The fact is, every action by John Doe 1 in this matter has been designed to contort the usual course of this BitTorrent infringement litigation so that he may obtain prevailing party status and seek fees and costs under 17 U.S.C. § 505.  *See, e.g.*, ECF No. 39-1 at ¶¶ 3–6, 11, 13.  But Strike 3's refusal to agree to a dismissal of John Doe 1 *with* prejudice is reasonable, since a dismissal *without* prejudice is the more appropriate outcome in this matter. *See supra* p. 2 n.1.

Strike 3 did not make a determination that John Doe 1 is *conclusively* not the infringer; it only determined that, based on its preliminary investigation of the ISP's subpoena response, John Doe 2 is the more likely infringer.  *See Strike 3 Holdings, LLC v. Doe*, No. 19-00160 (EMC), 2019 WL 591459, at *2 n.1 (N.D. Cal. Feb. 13, 2019) ("[U]pon obtaining the name and address of the [internet subscriber], [Strike 3] has a *Rule 11 obligation to determine whether to proceed with the lawsuit*[.]") (citing *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1144 (9th Cir. 2018))

Plaintiff's/Counter-Defendant's Opposition Brief in Response to the Response To Order to Show Cause
Filed by John Doe Subscriber Assigned IP Address 75.84.181.123

Case No. 2:19-cv-10674-TJH-SP

(emphasis added); *see also Strike 3 Holdings, LLC v. Doe*, No. 19-5818, 2019 WL 5459693, at *2 (S.D.N.Y. Oct. 9, 2019) ("Strike 3, as the master of its complaint, is free to decide which wrongdoers to sue.") (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 91 (2005)).  Thus, if this Court does not dismiss John Doe 1's counterclaim for lack of standing (after Strike 3's claim is dismissed without prejudice), the result will not be a judgment on the pleadings in John Doe 1's favor, but rather the Court having to manage two sets of claims wherein Strike 3 must simultaneously conduct discovery to prosecute its claim against John Doe 2 and defend against John Doe 1's counterclaim.  *See PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007) ("The short of it is that there is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations").  The unwieldiness of litigating inconsistent positions alone weighs in favor of dismissing all claims in this matter without prejudice.

Finally, John Doe 1's dogged quest to prop up this litigation in the absence of standing, to obtain prevailing party status—so that he can submit an application for fees incurred filing a motion to quash and motion to dismiss, both of which he *lost*—simply makes no sense in light of controlling Ninth Circuit precedent.  A necessary corollary to *Cobbler* is that a BitTorrent plaintiff who receives a subscriber's identity and reasonably decides *not to continue* its action against them should not be punished, either by being forced to litigate the very claim that it chose not to pursue, or by litigating a fee application based on that reasonable decision.  In fact, far from punishing similar conduct by rightsholders, courts around the country have recognized that seeking a dismissal without prejudice—and without fees—is exactly how a reasonable plaintiff *should* behave in a BitTorrent copyright infringement matter when it determines that it should not proceed

8

Plaintiff's/Counter-Defendant's Opposition Brief in Response to the Response To Order to Show Cause
Filed by John Doe Subscriber Assigned IP Address 75.84.181.123

Case No. 2:19-cv-10674-TJH-SP

further with its claim against the subscriber. *See, e.g.*, *Malibu Media, LLC v. Redacted*, 705 Fed. Appx. 402, 408 (6th Cir. 2017); *Interscope Records v. Leadbetter*, No. 05-1149, 2007 WL 2572336, at *1–5 (W.D. Wash. Sept. 6, 2007), *aff'd*, 312 Fed. Appx. 50 (9th Cir. 2009); *Capitol Records, Inc. v. O'Leary*, No. 05-406, ECF No. 37 (C.D. Cal. Jan. 31, 2006).

## III.    CONCLUSION

For the foregoing reasons, Strike 3 respectfully request the Court discharge its Order to Show Cause, dismiss Strike 3's claim against John Doe 1 without prejudice, and dismiss John Doe 1's counterclaim for declaratory relief, for lack of standing, without prejudice.

Dated: October 2, 2020                    Respectfully submitted,

By:_____
Lincoln D. Bandlow, Esq.

*Attorney for Plaintiff/Counter-defendant*
Strike 3 Holdings, LLC

Plaintiff's/Counter-Defendant's Opposition Brief in Response to the Response To Order to Show Cause
Filed by John Doe Subscriber Assigned IP Address 75.84.181.123

Case No. 2:19-cv-10674-TJH-SP