Douglas J. Rosner, ESQ., SBN 094466
rosnerlaw@earthlink.net
LAW OFFICES OF DOUGLAS JOSEPH ROSNER
2625 Townsgate Road, Suite 330
Westlake Village, California 91361
Telephone No. (818) 501-8400
Facsimile No.: (818) 880-4485
Attorney for Defendants identified as IP Subscriber address 75.84.181.123 and JDS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

STRIKE 3 HOLDINGS, LLC,

Plaintiff,

vs.

JOHN DOE subscriber assigned IP address 75.84.181.123,

Defendants.

JOHN DOE subscriber assigned IP address 75.84.181.123,

Cross-complainant,

vs.

STRIKE 3 HOLDINGS, LLC, and ROES 1-30, inclusive.

Cross-defendant.

Case No. 2:19-cv-10674-TJH (SPx)
*Assigned to the Hon. Terry J. Hatter Jr.*

Reply to Plaintiff's Response (ECF No. 41) to the Order to Show Cause Re: Dismissal of Counterclaim by Defendant John Doe Subscriber Assigned IP ADDRESS 75.84.181.123 (ECF No. 37)

Hearing TBD
Time: Under Submission
Place: Courtroom #9B
Judge: Hon. Terry J. Hatter

REPLY TO PLAINTIFF'S RESPONSE (ECF NO. 41) TO THE ORDER TO SHOW CAUSE RE: DISMISSAL OF COUNTERCLAIM BY DEFENDANT JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 75.84.181.123 (ECF NO. 37) Page 1 of 8

Cross-complainant JOHN DOE subscriber assigned IP address 75.84.181.123 ("Cross-complainant" or "John Doe 1") submits their Reply to Cross-defendant Strike 3 Holdings, LLC's ("Cross-defendant or "SH3") Response to John Doe 1's Response to this Court's Order to Show Cause Re: Dismissal of Counterclaim by Defendant John Doe Subscriber Assigned IP ADDRESS 75.84.181.123 (ECF No. 37)

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. The Ninth Circuit nor the Supreme Court has endorsed the concept of a "Placeholder Defendant." John Doe 1 as the subscriber was sued twice and his answer has put this case at issue.**

**a. John Doe 1 is not a "Placeholder"**

SH3 now introduces a new term not found in this circuit's jurisprudence, "Placeholder Defendant," to try and make a procedural exit from their clear identification of "JOHN DOE subscriber assigned IP address 75.84.181.123" as the "infringer," in not one, but two complaints. S3H states in their brief:

"…because Strike 3 initially sued him as a placeholder defendant to obtain early discovery" (Pl./Counter-def. Opp. Response to OSC 4:3-4, ECF No. 41.)

S3H cites the decision in the District of Maryland, by Hon. Paul W. Grimm, as support for the concept of a "placeholder defendant." (Id. 5:1-2) citing to *Malibu Media, LLC v. Doe*, No. 13-365, 2014 WL 7188822, at *6–9 (D. Md. Dec. 16, 2014) (Grimm, J.) Judge Grimm never ruled that a person sued as the subscriber was fungible, rather, Judge Grimm's decision was that plaintiff's suit against a subscriber is at their own risk, with the potential for attorney fees to be awarded to the

defendant, and to impose sanctions where there is errant conduct.[1]

Plaintiff in this case, first filed in Florida State Court claiming over John Doe 1 personal jurisdiction.[2] Nowhere in the Florida pleadings was there a mention that "JOHN DOE subscriber assigned IP address 75.84.181.123" was a "Placeholder Defendant."

Plaintiff then filed a second Complaint in this Court. Nowhere in these pleadings did S3H allege that "JOHN DOE subscriber assigned IP address 75.84.181.123" was a "placeholder defendant." Nowhere in that complaint did Plaintiff state that JOHN DOE subscriber assigned IP address 75.84.181.123 represented "a class of people who had access to the IP address." Instead S3H targeted "JOHN DOE subscriber assigned IP address 75.84.181.123" alleging infringement when it brought their ex-parte motion for early discovery. (Mem.P.&A. Supp. Ex Parte Appl. 7:15-16, 18.[3] ECF No. 9-1.)

///

///

---

[1]"…Courts have not hesitated to sanction unscrupulous plaintiffs who have made blatant misrepresentations in pleadings in order "to identify defendants and exact settlement proceeds from them," Ingenuity 13, LLC v. Doe, No. 2:12-cv-8333-ODW-JC, at 5 (C.D. Cal. May 6, 2013), ECF No. 130, and attempted to strong-arm innocent subscribers into coercive settlements without regard to their actual liability, see, e.g., In re BitTorrent Cases, 296 F.R.D. at 85–86; K-Beech, Inc. v. John Does 1–85, No. 3:11cv469-JAG, 2011 WL 10646535, at *2–3 (E.D. Va. Oct. 13, 2011)…"

[2]This was despite the fact that S3H's "Geolocation" technology placed the subscriber somewhere in Southern California.

[3]"…The information Plaintiff seeks through service of the subpoena will likely to lead to identifying information, including Defendant's name and address, which should allow Plaintiff to effect service of process on Defendant…"

REPLY TO PLAINTIFF'S RESPONSE (ECF NO. 41) TO THE ORDER TO SHOW CAUSE RE: DISMISSAL OF COUNTERCLAIM BY DEFENDANT JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 75.84.181.123 (ECF NO. 37) Page 3 of 8

S3H now admits it was wrong in Florida and in this Court. Hence S3H now, based on "Plaintiff's Additional Evidence", makes deficient imputations of misconduct against John Doe 2 claiming a causal nexus between John Doe 2's "interest in photography" and S3H pornographic works "Blacked," "Vixen" or "Tushy." (FAC ¶¶ 52-54 ECF 27-1.) The interest in photography is global. More than bare allegations are required. This does not satisfy the pleading requirement for causality of infringement. (*Bell Atlantic Corp. v. Twombly* 550 U.S. 544, 555-556 (2007).)

**b. John Doe 1's Answer Puts the Case at Issue and Negates the Need to Serve a Summons and Complaint.**

Citing to *Murphy Bros. v. Michetti Pipe Stringing Inc.*, 526 U.S. 344, 350, S3H then suggests that the case is only at issue when the defendant is served with a summons and complaint. (Pl./Counter-Def. Opp. Response to OSC 6:8, ECF No. 41) *Murphy* is inapplicable because it resolved issues involving service and the removal statute. *Murphy* does not stand for the proposition that every defendant must be served with a summons and complaint. When a defendant voluntarily appears in an action service of process becomes unnecessary. "Jurisdiction of the person is obtained by the service of ... process, or by the voluntary appearance of the party in the progress of the cause." (*Cooper v. Reynolds*, 77 U.S. 308, 316-317 (1870))

"JOHN DOE subscriber assigned IP address 75.84.181.123" aka "John Doe 1" was sued and he answered, and as is his right, he counterclaimed.

///

///

///

**II. John Doe 1 Has a Right to a Counterclaim of Noninfringement Under the Declaratory Judgment Act As John Doe 1 Has Suffered an Injury in Fact Under *Medimmune, Inc. v. Genentech, Inc.* (2007) 549 U.S. 118.**

*MedImmune* does not support S3H's argument that as to the counterclaim this court lacks jurisdiction due to there being nothing further to adjudicate. (Pl./Counter-def. Opp. Response to OSC 3:13-15, ECF No. 41) The issue is not whether, S3H feels that they will never sue in the future, rather whether John Doe 1 is open to a potential risk of suit. S3H's view is subjective, John Doe 1's view is objective. Objectively, John Doe 1 can still be sued for infringement for a period of three years, unless S3H proffers a covenant not to sue or stipulates to a judgment of dismissal with prejudice.

Supreme Court held in *MedImmune* that the plaintiff had standing to sue for a declaratory judgment because of "the involuntary or coercive nature" of the royalty payments. (*MedImmune*, *Supra*. at 131, 144, 146.) The Supreme Court held that a counterclaimant does not have to engage in or plan to engage in the allegedly infringing conduct to have standing to seek a declaratory judgment. Instead, the Supreme Court held that it is the risk of the infringement claim that allows for a declaratory relief action.

Other courts have followed this reasoning. In *Righthaven LLC v. Democratic Underground*, LLC (D. Nev. 2011) 791 F. Supp. 2d 968, 978 the Court allowed a declaratory relief action to proceed though it was argued there was no case or controversy as to a declaration of non - infringement copying a portion of a newspaper. The *Righthaven* court correctly observed that an alleged infringer need not "bet the farm" when there are allegations of infringement. (*Id.*)

REPLY TO PLAINTIFF'S RESPONSE (ECF NO. 41) TO THE ORDER TO SHOW CAUSE RE: DISMISSAL OF COUNTERCLAIM BY DEFENDANT JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 75.84.181.123 (ECF NO. 37) Page 5 of 8

The Ninth Circuit found in *DermaNew Rhoades v. Avon Prods*. (9th Cir. 2007) 504 F.3d 1151, 1158 that a declaratory judgment could be brought when there was a reasonable apprehension of suit under these circumstances:

- Defendant's lawyer threatened a trademark infringement suit at a meeting,
- Sent a letter threatening "additional proceedings or litigation,"
- Rightsholder would not give up its right to damages.

In this case, John Doe 1, has been the target of two legal actions, each alleging that John Doe 1 was the actual infringer. Indeed a lawsuit is not less coercive than a demand letter. Further S3H has never unequivocally stated they would never sue John Doe 1.

In *Vernor v. Autodesk, Inc.*, 555 F.Supp.2d 1164, 1167 (W.D. Wash. 2008), a declaratory judgment action was allowed in a copyright case based on s attorney threatening to "take further action" against the alleged infringer.

Recently, the Ninth Circuit found declaratory judgment jurisdiction under the Copyright Act for a determination of rights that a certain work had been abandoned and the subsequent award of attorney fees. (*Doc's Dream, LLC v. Dolores Press, Inc.*, 959 F.3d 357, 362 (2020)). Likewise, a Declaratory Judgment action was properly made by Pharrell Williams over the song "Blurred Lines" when the estate of Marvin Gaye merely sent an infringement demand letter. (*Williams v. Gaye* 895 F.3d 1106, 1116 (9th Cir. 2018.))

Here, unlike in *Medimmune* where there was merely a risk of an infringement suit, S3H actually sued "JOHN DOE subscriber assigned IP address 75.84.181.123". S3H did not hypothetically allege a suit, it named John Doe 1 as a defendant. (Complaint 1:17-19, ECF 1.) Further the threatening began in the Florida State

Court, when S3H attempted to serve a subpoena on John Doe 1's ISP and continued on to this Court where S3H actually served a subpoena on John Doe 1's ISP. Indeed S3H's actions exceed those described in *Medimmune*.

In response to the Counterclaim, S3H now claims that someone else at the residence of John Doe 1 did it. S3H's litigation posture is simply to try and end-run the judicial system. (See *Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 76.126.99.126*, 2016 WL 3383758 at *2 (N.D. Cal. June 20, 2016)) (denying a copyright owner's motion to dismiss a counterclaim for declaration of non-infringement, observing that "[a]bsent defendant's counterclaim, if events reveal that this case is meritless, Malibu Media could voluntarily dismiss its affirmative claims without prejudice under Rule 41(a)(2), seeking to avoid an award of attorney's fees").

S3H has already admitted their case against John Doe 1 is meritless. Rather than stipulating to a judgment with prejudice in favor of John Doe 1, they seek against John Doe 1 a dismissal without prejudice. Thus preserving for the future further litigation against John Doe 1.

**III. Conclusion**

The term "placeholder defendant" is not applicable in this case. It serves to anonymize the actual reality that a person has been wrongly accused of copyright infringement based on a computerized coin-toss.

John Doe 1 has the right to be forever free from claims of copyright infringement just as a real property owner in a quiet title action has a right to clear their title of any adverse claims.

///

John Doe 1 has been sued and there is a controversy between the parties that allows for jurisdiction of a counterclaim for declaratory judgment.

Dated: October 9, 2020

LAW OFFICES OF DOUGLAS JOSEPH ROSNER

/s/ Douglas J. Rosner

By: DOUGLAS J. ROSNER

SBN 094466
2625 Townsgate Road, Suite 330
Westlake Village, California 91302
Telephone No. (818) 501-8400
email: rosnerlaw@earthlink.net
Attorney for internet subscriber assigned IP address 75.84.181.123

REPLY TO PLAINTIFF'S RESPONSE (ECF NO. 41) TO THE ORDER TO SHOW CAUSE RE: DISMISSAL OF COUNTERCLAIM BY DEFENDANT JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 75.84.181.123 (ECF NO. 37) Page 8 of 8